**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOHN BRAWNER and**
**RENEA BRAWNER**                                                                        **PLAINTIFFS**

**v.**                                          **CASE NO. 4:07-CV-00482 GTE**

**ALLSTATE INDEMNITY COMPANY**                                         **DEFENDANT**

<u>**ORDER**</u>

Presently before the Court is Plaintiffs' Motion for Summary Judgment (Docket No. 9).

On May 4, 2007, Plaintiffs filed their Complaint in this action alleging that they had a policy of

homeowners insurance with Defendant Allstate Indemnity Company.  Plaintiffs allege that on

May 18, 2006, the home and contents were destroyed by fire.  Plaintiffs further allege that on

November 15, 2006, Defendant advised them that it would deny payment because: "(1) The

policy of insurance is void as a result of willful concealment and misrepresentation of material

facts regarding the cause and origin of the fire, among other things, and for false swearing in the

Proof of Loss and examination under oath relating thereto[;] (2) The fire is of an incendiary

origin for which you or someone on your behalf is responsible[;] (3) The Proof of Loss which

you have filed is fraudulent in that you falsely stated that the cause and origin of the fire,

although you have knowledge of the true cause and origin of the fire[;] (4) The amount of your

claim grossly exceeds any loss you may have actually sustained[;] (5) Finally, Allstate Insurance

Company is exercising its right to cancel your policy."  Plaintiffs allege breach of the implied

covenant of good faith and fair dealing, slander, breach of the insurance contract, outrage, bad

faith, and negligence.

1

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In support of their motion, Plaintiffs submit affidavits stating that they did not burn the house or participate or encourage the burning of the house. Plaintiffs also state that at no time, during, before, or after the fire loss, did they make any type of misrepresentation to the insurance company.

In response, Defendant submits the affidavit of Sandra Hendrick, Staff Claim Service Adjuster for Allstate, which sets forth certain information learned by Defendant as a result of its investigation, including: (1) that the mortgage payments on the residence that burned were seven months in arrears at the time of the fire loss, although Mr. Brawner represented to Defendant that the mortgage payments were only two months in arrears; (2) that the property was scheduled to be auctioned in foreclosure four days after the fire occurred; (3) that Mr. Brawner was seriously in arrears on court-ordered child support payments to one or more ex-wives at the time of the fire; (4) that a substantial part of the personal property that had been contained in the insured residence was removed from the residence in the day(s) immediately preceding the fire; (5) that an independent third party origin-and-cause investigator determined that the fire was incendiary

in origin; (6) that an independent third party chemical analyst determined that a sample of debris taken from the fire scene contained components identifiable as evaporated gasoline; (7) that an independent third party electrical engineer determined that the fire was not of electrical origin; (8) and that Mr. and Mrs. Brawner, or one of them, concealed and/or misrepresented material facts and circumstances relating to the fire and to their claim, including but not limited to facts and circumstances relating to the cause and origin of the fire and the existence and/or value of items of personal property claimed to have been lost in the fire.

Clearly, Defendants have submitted sufficient evidence to show that there is a genuine issue as to the material facts regarding whether Plaintiffs, or one of them, intentionally set the fire or caused it to be set, and as to whether the Plaintiffs, or one of them, intentionally concealed and/or misrepresented material facts relating to the fire and to their claim submitted to Defendant. "The fact that evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which it may be inferred." *Farmers Ins. Exch. v. Staples*, 8 Ark. App. 224, 227, 650 S.W.2d 244, 246 (1983) (holding that the trial court erred in granting summary judgment to plaintiffs on the basis of their affidavits stating that they did not set the fire or cause it to be set). Plaintiffs' motion is denied.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 9) be, and it is hereby, DENIED.

IT IS SO ORDERED this 12th day of October, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

3