**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN BRAWNER and** | | |
| **RENEA BRAWNER** | | **PLAINTIFFS** |
| **v.** | **CASE NO. 4:07-CV-00482 GTE** | |
| **ALLSTATE INDEMNITY COMPANY** | | **DEFENDANT** |

<u>**ORDER**</u>

Presently before the Court are Plaintiffs' Motions in Limine (Docket Nos. 63, 64, 65), Defendant's Motion for Protective Order (Docket No. 67), Defendant's Motion to Compel (Docket No. 68), and Plaintiffs' Motion for Extension of Time to Complete Discovery (Docket No. 70). Plaintiffs allege that on May 18, 2006, their home and contents were destroyed by fire. On November 15, 2006, Defendant advised Plaintiffs that it would deny payment under the policy on the basis of arson, and willful concealment and misrepresentation of material facts. Plaintiffs brought this action against Defendant Allstate Indemnity Company alleging breach of the implied covenant of good faith and fair dealing, slander, breach of the insurance contract, outrage, bad faith, and negligence.

**I.   Motion in Limine (Docket No. 63)**

Plaintiffs move this Court to exclude mention of Plaintiff Renea Brawner's deposition testimony that she and her husband, Jon Brawner, filed an Extension of Time to file a tax return for 2004, 2005, and 2006, and they do not have the returns available, as irrelevant and unfairly prejudicial. Plaintiffs also seek to exclude deposition testimony regarding whether a person

1

must pay money to obtain an extension and whether Plaintiffs did or did not pay any money for said extension as irrelevant and unfairly prejudicial.

Defendant responds by stating that Plaintiffs have put forward no evidence they have filed extensions for 2004-2006, and the fact that Plaintiffs filed extensions clearly demonstrates that they have not reconciled their taxes for 2004-2006, which could demonstrate proof of amounts owed to the Internal Revenue Service ("IRS"). Defendant argues that Plaintiffs have placed their financial condition at issue through their Complaint, and therefore, the information is relevant.

The Court will deny Plaintiffs' motion. First, Plaintiffs' financial situation prior to and at the time of the fire goes to motive. Furthermore, Plaintiffs have placed their financial status at issue through their claim for past and future lost income and loss of earning capacity.

## II.     Motion in Limine (Docket No. 64)

Plaintiffs move this court to exclude mention of Plaintiff Renea Brawner's deposition testimony concerning the plans that she and Mr. Brawner had to build a house close to her parents. Plaintiffs state that the house was not built as of the time of the destruction of the fire, and therefore, any plans to build a new house would be irrelevant and unfairly prejudicial. Plaintiffs also seek to exclude testimony of Ms. Brawner identifying John Pennington as the person who did the drawings for the home, as well as the fact that there were specifications that she gave to builders, as irrelevant and unfairly prejudicial. Plaintiffs further seek to exclude testimony from John Pennington, who has not been identified as a witness in this case, and any and all information concerning what work Mr. Pennington did, if any, concerning the plans and specifications as irrelevant and unfairly prejudicial.

Defendant responds by stating that Plaintiffs have testified that the reason they were moving from the home which burned was due to the fact that they intended to build said house. Defendant states, however, that it will reserve any examination of Plaintiffs, or any of its witnesses, on this issue until such time as Plaintiffs may open the door to this evidence. Based upon Defendant's response, the Court will grant Plaintiffs' motion. However, the Court will consider allowing this evidence if Plaintiffs open the door.

**III.     Motion in Limine (Docket No. 65)**

Plaintiffs move this Court to exclude mention of Mr. Brawner's deposition testimony concerning whether Mr. Brawner received cash from Farmers, as part of his business, since the fire, and whether he needed to file a 1099 with regard to that cash as irrelevant and unfairly prejudicial. Plaintiffs also move this Court to exclude Mr. Brawner's statements regarding the filing of extension requests to file his tax returns and any payment of money with regard to those requests. Additionally, Plaintiffs seek to exclude Mr. Brawner's statements regarding whether he owes any taxes for 2004-2006. While Plaintiffs admit that whether Mr. Brawner had any obligation for back taxes at the time of the fire loss is relevant, Plaintiffs state that because Mr. Brawner had requested an extension, he does not know whether he owes taxes from 2004-2006. Therefore, such information is irrelevant and unfairly prejudicial. Plaintiffs also request that this Court exclude testimony regarding whether Mr. Brawner got a 1099 in response to a payment going to his wife, whether his wife reported $400 cash paid to her from her mother each month, and all questions about reports to the IRS concerning payments made for income, 1099's, and who reported income to the IRS as irrelevant and unfairly prejudicial.

Defendant contends that Plaintiffs have put their financial condition at issue before this Court, and therefore, their obligations and income are relevant. The Court agrees. As stated above, Plaintiffs' financial situation at the time of the fire goes to motive, and Plaintiffs have placed their past and current financial status at issue through their claim for past and future lost income and loss of earning capacity. Therefore, Plaintiffs' motion is denied as to these issues.

Plaintiffs also seek to exclude information regarding Mr. Brawner's clients in the agriculture marketing business. Plaintiffs note that counsel for Defendant did not "make an issue out of it" when Mr. Brawner declined to answer, and states that the clients in his business are privileged and confidential and should not be disclosed during the course of the trial. Defendant addresses this issue in the paragraph in which it states that Plaintiffs have put their financial condition at issue before this Court, and therefore, their obligations and income are relevant. Plaintiffs have not set forth the information to be excluded clearly enough for the Court to make an informed decision on this point. Therefore, Plaintiffs' motion is denied without prejudice as to this issue.

Plaintiffs also seek to exclude evidence of a fire loss by Linda Hawkins, Renea Brawner's mother, which was promptly paid by Farm Bureau. Defendant does not address this issue. The Court finds that such evidence should be excluded. Plaintiffs' motion is granted as to this issue.

Additionally, Plaintiffs seek to exclude information from the August 31, 2007 hearing in a divorce action involving Minnie Brawner against Jonathan Brawner, whether or not Mr. Brawner had made child support payments of $240 per month, whether or not he had back child support deficiencies of $9,256.00, the absence or frequency of his visitation with his children,

and his efforts to see his children and obtain reinstatement of visitation.  However, Plaintiffs acknowledge that the amount of child support owed at the time of the fire may be indicative of motive, and therefore, is admissible.  Plaintiffs also wish to exclude testimony regarding the visitation of Mr. Brawner's children and grandchildren, whether he was present for the birth of his grandchild, and whether a provision as to the right of Jon or Minnie Brawner to claim their children for tax purposes was inserted after he signed the document.  Plaintiffs further wish to exclude questions regarding the theft of a vehicle, Mr. Brawner's theft claim, and Mr. Brawner's statement that his ex-wife, Minnie Brawner, wanted the vehicle.  Plaintiffs also wish to exclude testimony regarding Mr. Brawner's divorce from Jacqueline Estrada.

Defendant asserts that on the day of the fire, Plaintiffs filed an incident report alleging that Minnie Brawner was responsible for causing the fire at their home, and therefore, Plaintiffs have made the relationship of Jon and Minnie Brawner at the time of the fire relevant to the issues in this case.  Defendant further asserts that the deposition testimony of Richard Read demonstrates that Plaintiffs made a claim with Allstate for the theft of a vehicle, did not follow through with their obligations to Allstate to provide a recorded statement, and the claim was denied.  Defendant also asserts that Plaintiffs' financial condition at the time of the fire, including his child support and divorce decree obligations, are probative of Plaintiffs' motive to cause the fire.  The Court agrees with Defendant regarding Plaintiffs' financial obligations and the relationship to his ex-wife, Minnie Brawner.  However, the Court fails to see how inquiry into Mr. Brawner's relationship with his children and grandchildren is relevant, and therefore, such testimony is excluded.

Plaintiffs also wish to exclude evidence regarding whether Mr. Brawner went to casinos in Mississippi before and after the fire and made money withdrawals from an ATM while going to a casino. Once again, Defendant argues that Plaintiffs have placed their financial status in question before this Court, and their actions with respect to casinos are relevant. However, unless Defendant has some evidence that Defendant was in debt to a casino, the Court fails to see how this information is relevant. Therefore, this evidence should be excluded.

Finally, Plaintiffs seek to exclude evidence regarding Mr. Brawner's complaint to the Arkansas Insurance Commissioner with respect to the denial of the fire claim and the Commissioner's determination that there was no violation of any rule or regulation of the Arkansas Insurance Department, or any statute of the State of Arkansas, as hearsay. Defendant responds by stating that although the actions of the Commission may be hearsay through the testimony of the Defendant, the actions of the Commission with respect to the complaints brought forward by the Plaintiffs to the Commission and repeated in their Complaint filed in this matter are relevant. The Court finds that this information should be excluded. Defendant has not set forth any evidence regarding the standards applied in such proceedings. Furthermore, the findings of the Commissioner are unfairly prejudicial. Therefore, Plaintiffs' motion is granted in part and denied in part.

**IV.    Motion for Protective Order (Docket No. 67) & For Extension of Discovery Cutoff (Docket No. 70)**

Defendant moves this Court, pursuant to Federal Rule of Civil Procedure 26(c)(2), that the discovery requested by the Plaintiffs, specifically the deposition of Sandra Hendrick, be had only at a time when she is physically capable of providing testimony. Defendant provides correspondence from Ms. Hendrick's health care providers indicating that Ms. Hendrick is

unable to work, her condition is undiagnosed, and, as of October 24, 2007, she is unable to participate in these legal matters due to her medical conditions.  Defendant states that it has no objection to an extension of the discovery deadline for the purpose of taking Ms. Hendrick's deposition.

Plaintiffs respond by noting that Ms. Hendrick has been identified as the ultimate responsible officer of the Defendant as it relates to this claim.  Plaintiffs argue that the medical testimony in support of Defendant's motion is not such definitive testimony that Defendant can keep Ms. Hendrick from giving a deposition.  Plaintiffs request that the Court deny Defendant's motion without prejudice so that Plaintiffs can determine whether the deposition of another employee of Defendant will be sufficient.  Plaintiffs also filed a Motion for Extension of Discovery Cut-off for the purpose of deposing Ms. Hendrick.

The Court will grant both motions.  The Court hereby orders that the deposition of Sandra Hendrick may be had only at a time when she is physically capable of providing testimony.  However, Defendant is directed to provide updated reports, with supporting documentation from her medical provider(s), to Plaintiffs regarding the ability of Ms. Hendrick to attend a deposition on December 3, 2007 and December 17, 2007.  If Ms. Hendrick is still unable to attend a deposition as of December 17, 2007, Plaintiffs may, once again, bring this issue before the Court so that the Court may determine whether circumstances have changed.  The discovery deadline is extended to December 17, 2007 for the purpose of deposing Ms. Hendrick.

### V.      Motion to Compel (Docket No. 68)

Defendant moves this Court to enter an order compelling Plaintiffs to produce the documents, tax returns, financial statements and financial disclosures a requested in Interrogatories 16, 17, 18, 19, 20 and Requests for Production Nos. 9, 10, and 14.

Interrogatory 16 states, "Identify all federal, state and local taxes for which you were responsible for the five years preceding the fire in question, including, but not limited to, the nature and amount of all such taxes, to whom all tax bills were sent and whether the taxes were current at the time of the fire." Plaintiffs provided a personal property assessment and the Rural Property Card on their real property. Plaintiffs claim that this response is complete and full. However, Plaintiffs clearly do not address their income taxes in their response. Furthermore, it is not clear whether Plaintiffs provided documents regarding the five years preceding the fire. Also, Plaintiffs failed to state the amount of all such taxes, to whom all tax bills were sent, and whether the taxes were current at the time of the fire. Plaintiffs are directed to supplement their answer to Interrogatory 16.

Request for Production 9 states, "Please produce and permit inspection and copying of all of your business and individual federal and state income tax returns for the three years preceding the fire and the year of the fire, including W-2 Forms and any and all schedules thereto." Plaintiffs respond by stating that they have provided tax returns for Renea Brawner for 2000-2003, but tax returns for Plaintiffs for the years 2004-2006 are in the hands of the tax preparer at this time. Additionally, in response to Defendant's motion, Plaintiffs state that Mr. Brawner explained in his deposition that his tax returns were burned in the fire, and he does not have returns for the years 2000-2003. Plaintiffs have failed to adequately explain why they cannot

contact their tax preparer and provide copies of their 2004-2006 tax returns.  Plaintiffs are directed to provide Defendant with copies of their 2004-2006 tax returns, and if they have not been prepared, Plaintiffs are directed to provide any available forms, such as W-2's and/or applications for extension of time for payment and/or filing of tax returns.

Interrogatories 17 states, "Identify all checking and savings accounts, by account number and name of banking institution of Plaintiff which were active as of the date of the occurrence and identify the balance of all such accounts as of the date of the occurrence."  Interrogatory 18 states, "Identify all checking and savings accounts, by account number, and name of banking institution of Plaintiff which were inactive as of the date of the loss and which were in existence within five years of the date of the fire."  Interrogatory 19 states, "Identify all credit cards and/or charge accounts by account number and name and address of banking institution or other creditor of Plaintiff which were active on the date of the occurrence and identify the balance of all such accounts on the date of the occurrence."  Interrogatory 20 requests information regarding indebtedness of Plaintiff which existed at the time of the fire not set forth in previous answers.

Plaintiffs object to these Interrogatories as irrelevant, and explain in their response to Defendant's motion that Plaintiffs explained the checking accounts in their depositions. Such responses will not suffice.  As stated above, Plaintiffs' financial situation goes to motive. Furthermore, Plaintiffs have placed their financial status at issue through their claim for past and future lost income and loss of earning capacity.  Plaintiffs are directed to respond to Interrogatories 17, 18, 19, and 20 in full.

Request for Production 10 states, "Please produce and permit inspection and copying of any and all financial statements prepared by or for Plaintiff or any business of Plaintiff during the five years preceding the fire. Plaintiffs object to this request as irrelevant. In their response to Defendant's motion, Plaintiffs further state that Plaintiffs have testified that they do not have any current financial statements prepared by Plaintiffs or any business of Plaintiffs during the five years preceding the fire, that Mr. Brawner only knows of a financial statement provided to Louisiana Land Bank that is not available to him, and Ms. Brawner does not have a copy of a financial statement that she may have provided when they originally purchased the house. Obviously, if Plaintiffs do not have the documents, they cannot produce them. However, instead of stating this in their response, Plaintiffs simply objected to the request. Plaintiffs are directed to supplement their response to Request for Production 10 and to provide any information they have that would enable Defendant to obtain copies of said financial statements from third parties.

Request for Production 14 requests that Plaintiffs sign and return a financial disclosure statement. Plaintiffs responded by stating that they would not execute the financial disclosure statements. In response to Defendant's motion, Plaintiffs argue that they should not be required to give a blank check to Allstate, who has accused them of arson, by signing said statements. Plaintiffs further argue that they believe that Allstate has already interfered with their credit. As previously stated, Plaintiffs' financial situation at the time of the fire goes to motive, and Plaintiffs have placed their past and current financial status at issue through their claim for past and future lost income and loss of earning capacity. However, the Court will limit the financial disclosure statement to records from the two years preceding the fire to the present.

Accordingly,

FOR THE REASONS STATED ABOVE, IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine (Docket No. 63), be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine (Docket No. 64), be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine (Docket No. 65), be, and it is hereby, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion for Protective Order (Docket No. 67) be, and it is hereby, GRANTED as stated above.

IT IS FURTHER ORDERED that Defendant's Motion to Compel (Docket No. 68) be, and it is hereby, GRANTED with the limitations stated above.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Extension of Time to Complete Discovery (Docket No. 70) be, and it is hereby, GRANTED.  The discovery deadline is extended to December 17, 2007 for the purpose of deposing Ms. Hendrick.

IT IS SO ORDERED this 19th day of November, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE