UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN BRAWNER and
RENEA BRAWNER                                                                    PLAINTIFFS

v.                              CASE NO. 4:07-CV-00482 GTE

ALLSTATE INDEMNITY COMPANY                                                DEFENDANT

## ORDER

Presently before the Court are Plaintiffs' Motion in Limine (Docket No. 108) and Defendant's Motion in Limine (Docket No. 109).

**I.      Plaintiffs' Motion in Limine (Docket No. 108)**

Plaintiffs' object to any witness being called who has not been specifically described as to name, address and telephone number by the Defendant.[1] Plaintiffs note that the Defendant has indicated that it will call "representatives of" certain entities.

The Court will not exclude any witness not specifically named in Defendant's pre-trial information sheet. However, it will require the Defendant to forthwith specifically identify such persons. The identity of such possible witnesses should be in the hands of Plaintiffs' counsel by 5:00 p.m. on January 10, 2008. The Court will exclude witnesses not specifically identified absent a showing of good cause for the failure to so disclose.

Plaintiffs also ask the Court to exclude any piece of evidence that was not "specifically identified by the Defendant." By way of example, Plaintiffs note Defendant's identification of

---

[1]The Court notes that Defendant has not filed its response at the time of the entry of this Order. However, the Court is of the opinion that a response is not necessary, especially considering the time limitations faced by the parties and the Court before trial.

"records provided by Conway Police Department and Faulkner County Sheriff's Department" and "telephone records." The Court will not exclude such evidence for Defendant's failure to more specifically describe same. Nevertheless, the Court orders the Defendant to specifically describe any document, record or piece of evidence that it intends to offer into evidence at the trial. This information must be provided to Plaintiffs' counsel by 5:00 p.m. on January 10, 2008.

By its rulings herein, the Court is not addressing the admissibility of the testimony of any witness or of a document or any other evidence which is, pursuant hereto, specifically identified by the Defendant.

**II.     Defendant's Motion in Limine (Docket No. 109)**

Defendant moves this Court to exclude evidence that Plaintiffs have not been arrested, indicted, or convicted of insurance fraud or arson, and no other person has been arrested, indicted or convicted, with respect to the May 18, 2006, fire loss giving rise to this lawsuit. Plaintiffs argue that allowing evidence that law enforcement authorities were notified of the fire, without allowing them to address the subject, would be unfairly prejudicial to Plaintiffs. If the Court excludes this evidence, Plaintiffs request that the Court exclude all evidence that law enforcement authorities were called into the investigation and any information regarding the evidence obtained by them.

"As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. State Farm Fire & Casualty Co.,* 764 F.2d 522, 524-25 (8th Cir.1985) (holding that the evidence of the decision not to prosecute the insured was inadmissible on the issue of whether the fire had been intentionally

set) (citing *Galbraith v. Hartford Fire Ins. Co.,* 464 F.2d 225 (3d Cir.1972)).  *See also Kostelec v. State Farm Fire and Cas. Co.*, 64 F.3d 1220, 1229 (8th Cir. 1995).

In fact, many courts have adopted "the rule that a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution . . . on related criminal arson charges."  *Rabon v. Great Southwest Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987) (citing *Kelley's Auto Parts, No. 1, Inc. v. Boughton,* 809 F.2d 1247, 1253 (6th Cir.1987); *Goffstein v. State Farm Fire & Casualty Co.,* 764 F.2d 522, 524 (8th Cir.1985); *Galbraith v. Hartford Fire Insurance Co.,* 464 F.2d 225, 227-28 (3d Cir.1972)). Several reasons support the general rule of law excluding this evidence: (1) it goes to the principal issue before the jury and is highly prejudicial; (2) the burdens of proof in civil and criminal cases are different; and (3) a prosecutor's opinion regarding whether the insured set the fire is inadmissible evidence because it is based on knowledge outside the prosecutor's personal experience.  *Krueger v. State Farm Fire and Cas. Co.*, 510 N.W.2d 204, 210 (Minn. Ct. App. 1993) (citing *Rabon,* 818 F.2d at 309; *Chewakin v. St. Vincent,* 275 N.W.2d 300, 301 (N.D. 1979); *Anderson v. Saunders,* 16 Wis. 2d 55, 113 N.W.2d 831, 832-33 (1962)) (noting that the general rule applies to related criminal proceedings with the two notable exceptions of assault and battery and malicious prosecution, where the evidence is only limited).  *See also American Home Assur. Co. v. Sunshine Supermarket, Inc*., 753 F.2d 321, 325 (3d. Cir. 1985) (noting that "the opinions by the fire officials were clearly admissible and "[t]he inadmissibility of evidence of non-prosecution [] comports with the general rule that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case") (citing *Williams v. Cambridge Mut. Fire Ins. Co.,* 230 F.2d 293 (5th Cir.1956) (Miss. law); *Wheat v. Continental Casualty Co.,* 652 S.W.2d 345 (Tenn.1983); *Greenberg v. Aetna Ins. Co.,* 427 Pa. 511, 235 A.2d 576 (Pa.1967), *cert.*

*denied,* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968)); *Ashby v. Rendezvous Farms*, 381 So.2d 755, 755-56 (Fla. Dist. Ct. App. 1980) (finding that the comment in closing argument, over objection, that no arrest had been made or anyone convicted as a result of the fire was prejudicial and warrants a new trial on the issue of liability).  Therefore, the Court finds that evidence that Plaintiffs have not been arrested, indicted, or convicted of insurance fraud or arson, and no other person has been arrested, indicted or convicted, with respect to the May 18, 2006, fire loss giving rise to this lawsuit is inadmissible.

      Defendant also moves this Court to exclude evidence revealed in Plaintiffs' attorney's letter dated December 18, 2007, stating that the documents could have, and should have, been produced in Plaintiffs' initial disclosures, and at least prior to the discovery cutoff.  The documents listed include the following:  the marriage license of Michael Young and Tammy Poole; receipts for computer equipment, scuba masks, and a keyboard allegedly lost in the fire; a Petition for Ex Parte Temporary Order of Protection filed by Renea Young against Michael Young; receipts for rental payments by the Brawners; and rental contracts between the Brawners and Linda Hawkins.

      Plaintiffs argue that Plaintiffs' counsel did not receive the documents from Plaintiffs until on or about December 18, 2007, and Plaintiff immediately disclosed them to Defendant's counsel by fax and First Class Mail.  Plaintiffs further state that Defendant's counsel made no objection at the time he examined the documents, and cannot show any prejudice by the receipt of the items at this time.  Plaintiffs note that on several occasions, Defendant disclosed evidence after the Initial Disclosures, and the Court allowed those documents to be utilized.  The Court concludes that Defendant's motion should be overruled.

Additionally, Defendant seeks to exclude evidence related to Plaintiff's claims of bad faith, slander, outrage, negligence, or punitive damages and evidence of bad acts of Allstate including those related to bad faith. As argued by Plaintiffs, Defendant's request is overbroad and unclear. Defendant has failed to set forth specific evidence that it seeks to exclude. Therefore, this request is denied without prejudice. If the issue is raised again, Defendant will specifically identify the particular evidence, prior rulings, and documents it seeks to exclude and the legal basis for such exclusion.

Defendant also seeks to exclude evidence regarding the production of documents in discovery, the rulings of undiscoverability of certain documents by the Court, and the timeliness of production of documents. Plaintiffs have no objection, but state that the ruling should apply to all parties as to all rulings of the Court. Therefore, by agreement of the parties, evidence regarding discovery and the Court's rulings regarding discovery will not be admitted.

Defendant also seeks to exclude evidence of the divorce proceedings and history of incidences between the Plaintiffs and their previous spouses. Defendant asserts that the Court has previously ruled that the relationship between the Plaintiffs and their previous spouses prior to the fire is irrelevant.[2] Plaintiffs argue that the Court has allowed evidence regarding

---

[2] More precisely, in a previous motion, Plaintiffs sought to exclude information regarding the following: an August 31, 2007 hearing in a divorce action involving Minnie Brawner against Jonathan Brawner; whether or not Mr. Brawner had made child support payments and had back child support deficiencies; the absence or frequency of his visitation with his children; his efforts to see his children and obtain reinstatement of visitation; testimony regarding the visitation of Mr. Brawner's children and grandchildren; whether he was present for the birth of his grandchild; whether a provision as to the right of Jon or Minnie Brawner to claim their children for tax purposes was inserted after he signed the document; questions regarding the theft of a vehicle; Mr. Brawner's theft claim; Mr. Brawner's statement that his ex-wife, Minnie Brawner, wanted the vehicle; and testimony regarding Mr. Brawner's divorce from Jacqueline Estrada. Plaintiffs acknowledged that the amount of child support owed at the time of the fire may be indicative of motive, and therefore, the Court found it was admissible. Defendant asserted that

Plaintiffs' motives, such as their financial condition, and therefore, should allow Plaintiffs to present evidence that other individuals had motives and opportunities to burn the residence. The Court agrees with Plaintiffs, but reaffirms its prior ruling as discussed in footnote 1 herein.

Defendant also wishes to exclude evidence of threatening voicemail messages as hearsay. Plaintiffs argue that this evidence is not hearsay because an Allstate representative and a law enforcement officer actually heard the threatening voicemail message. The Court finds that evidence of the threatening telephone messages is admissible. Mr. Brawner may testify that before the fire he received voicemail messages that he perceived to be of a threatening nature, as such testimony does not go to the truth of the matter asserted.

Further, Defendant seeks to exclude evidence of a Dell computer or coffeemaker as the potential source of ignition of the May 18, 2006, fire, stating that Plaintiffs have failed to establish the existence of the computer or coffeemaker through documentary evidence, and any reference to these devices would be prejudicial and irrelevant. Plaintiffs argue that they need not produce a bill of sale for these items, as they have already testified that the items were in their home at the time of the fire. The Court finds that whether the items were in the home at the time of the fire is a matter of credibility and declines to exclude such evidence.

Also, Defendant seeks to exclude evidence of income lost after the fire, stating that Plaintiffs have failed to produce evidence or testify as to their income prior to the fire, and

---

on the day of the fire, Plaintiffs filed an incident report alleging that Minnie Brawner was responsible for causing the fire at their home, and therefore, Plaintiffs made the relationship of Jon and Minnie Brawner at the time of the fire relevant to the issues in this case. Defendant also asserted that Plaintiffs' financial condition at the time of the fire, including his child support and divorce decree obligations, were probative of Plaintiffs' motive to cause the fire. The Court agreed with Defendant regarding Plaintiffs' financial obligations and the relationship to his ex-wife, Minnie Brawner. However, the Court excluded any inquiry into Mr. Brawner's relationship with his children and grandchildren as irrelevant.

without evidence of prior income, Plaintiffs cannot quantify any income lost due to the fire. Plaintiffs argue that although they could not produce tax returns, they testified regarding their income prior to the fire. The Court agrees that the evidence of lost income after the fire should be excluded, not for the reasons asserted by Defendant, but because it does not appear that lost income after the fire is an appropriate element of damages. The Court welcomes further briefing on this issue, including any applicable case law, if Plaintiffs contend otherwise.

Finally, Defendant seeks to exclude as evidence items 299, 502-511, 515-523, 527-531, 541, 542, 544, 545, 547, 549-551 and 583-584 from Plaintiffs' Personal Property Inventory Form as business property excluded under the policy, as the policy provides a coverage limit of $2,000 for business property. Plaintiffs argue that the Court should not exclude these items on a preliminary motion because the Court has not heard evidence as to what the property is and whether or not it qualifies under the terms and conditions of the policy. The Court agrees that Defendant has not provided enough information for the Court to determine whether the items would fall within the "business property" category. Therefore, Defendant's request is denied without prejudice.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine (Docket Nos. 108) be, and it is hereby, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion in Limine (Docket No. 109) be, and it is hereby, GRANTED in part, and DENIED in part.

IT IS SO ORDERED this 9th day of January, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE