**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JOHN BRAWNER and
RENEA BRAWNER**                                                                **PLAINTIFFS**

**v.**                                  **CASE NO. 4:07-CV-00482 GTE**

**ALLSTATE INDEMNITY COMPANY**                                        **DEFENDANT**

<u>**ORDER**</u>

Presently before the Court are Plaintiffs' Motions in Limine (Docket Nos. 111 and 112).

**I.      Plaintiffs' Motion in Limine (Docket No. 111)**

Plaintiffs move this Court to exclude the examinations under oath of Renea and Jonathan

Brawner because there are no misrepresentations contained therein.  Alternatively, Plaintiffs

contend that only those portions that are relevant to the issue of arson and/or misrepresentation

should be introduced subject to the Court having a chance to review and determine whether the

statements constitute material misrepresentations.  Defendant agrees that the examinations under

oath should not be introduced into evidence, but contends that they may be used for

impeachment purposes.  The Court agrees.  The examinations under oath may not be introduced

into evidence, but may be used for impeachment purposes.

Plaintiffs also move this Court to exclude a letter to the Brawners dated September 7,

2006, which is listed by Defendant's counsel, John Payne, in a letter to Plaintiffs' counsel, David

Hodges, dated December 28, 2007, as irrelevant.  Defendant agrees that the correspondence

should be excluded, unless Plaintiffs open the door.  Therefore, the letter is excluded, unless

Plaintiffs open the door.

Plaintiffs also request that the Court exclude the portions of the file of Holly Goodwin, an Allstate employee, that are not relevant to the subject of arson and/or misrepresentation. Plaintiff requests that the Court examine those documents, in detail, prior to admitting the documents. Defendant states that it will, in accordance with the Court's directions, identify the specific documents it intends to use from the file. Plaintiffs' request is denied without prejudice.

Plaintiffs also seek to exclude samples submitted to Dennis Akin. Plaintiffs state that the samples are not available for inspection by Plaintiffs, and therefore, should be excluded. Plaintiffs state that they do not intend to introduce the actual samples, and will only solicit testimony from Dennis Akin with respect to his receipt of the samples and the evaluation of the samples. Therefore, Plaintiffs' motion is granted, and the actual samples will be excluded.

Plaintiffs also seek to exclude the reports of Richard West and Lonnie Buie. Plaintiffs state that Mr. West and Mr. Buie will be live witnesses and only their testimony should be admitted. The Court agrees with Defendant that the reports of these individuals in their entirety are not independently admissible, but the witnesses may refer to same and testify as to the contents and conclusions set forth in their reports. Plaintiffs' request is granted. Again, Plaintiffs' use of the reports may open the door to the admissibility of the reports or portions thereof.

Plaintiffs move this Court to exclude the documents attached to Ben Eagle's deposition. Plaintiffs state that Defendant has not identified these documents with enough specificity, although Defendant identifies the documents as exhibits 1-8 to the deposition. Plaintiffs also that the documents are irrelevant. Additionally, Plaintiffs request that the Court exclude Plaintiffs' application for insurance dated July 11, 2005, because there is no question that the

2

insurance was in effect at the time of the fire, and therefore the application is irrelevant. Plaintiffs have failed to provide the Court with the exhibits and application to be excluded, and thus the Court does not have enough information to rule on these issues.  Plaintiffs' request is denied without prejudice.

Plaintiffs also move this Court to exclude Renea Young's (now known as Renea Brawner) tax returns for the years 2000 to 2003 as irrelevant.  Defendants acknowledge that the Court limited the financial disclosure to be signed by Plaintiffs to two years.  Plaintiff's motion is granted as to Ms. Young's tax returns.

Plaintiffs also move this Court to exclude Regions Bank records, First Security Bank records, Edward Jones documents, Jim Daven documents, and J. Benton Dyke's file, as irrelevant.  Alternatively, Plaintiffs state that Defendant does not adequately describe the particular documents to be produced, so the Court should examine each of the documents that Defendants plan to introduce to determine the admissibility of said documents.

Defendant states that the Regions Bank records relate to the mortgage on the insured property, which is relevant to the Plaintiffs' financial condition, and the insurance company's contractual requirement to honor the mortgage in favor of Region's Bank.  Defendant also states that the First Security Bank records, Edward Jones documents, and Jim Daven documents, are relevant to Plaintiffs' financial condition.  Defendant further states that J. Benton Dyke was retained by Regions Bank to perform the foreclosure on the Plaintiffs' home.  Plaintiffs have not elaborated on why the records listed are irrelevant.  Also, the Court has directed Defendant to more specifically identify the documents that it will present.  Furthermore, the Court is inclined

to agree that the records regarding the mortgage, foreclosure, and Plaintiffs' financial condition are relevant.  Therefore, Plaintiffs' request is denied without prejudice.

Plaintiffs request that the Court exclude  Plaintiffs' Answers to Interrogatories and the transcript of a divorce proceeding between Mr. Brawner and an ex-wife, held on August 31, 2006, as irrelevant.  Defendant states that it does not intend to introduce the Answers to Interrogatories and transcript as evidence, but does reserve the right to cross-examine and impeach the Plaintiffs with the answers and testimony contained therein.  The Court finds that the Answers to Interrogatories and transcript should be excluded, but may be used for impeachment purposes.

Additionally, Plaintiffs object to the admission of "all documents identified by Plaintiffs."  Plaintiffs state that they have listed a number of items on their potential list, some of which are prejudicial, "to be sure that they were fully disclosed."  Plaintiffs ask that the Court prohibit Defendant from utilizing any of the documents identified by Plaintiffs because Defendant did not individually list them on the pre-trial information sheet.  The Court will not blanketly prohibit Defendant from introducing items listed by Plaintiffs on Plaintiffs' pre-trial information sheet.  However, the Court has instructed Defendant to identify the items it intends to introduce at trial, which should resolve this issue.  Plaintiffs' request is denied.

Plaintiffs also object to the documents described as "telephone records - Cingular (requested but not available)" listed by Defendant.  Plaintiffs state that the description is overbroad, and the records are not relevant.  Defendant states that Plaintiffs' Financial Authorizations were obtained late in the case, and although Defendants have requested records from Cingular, Defendant has not yet received said records.  Defendant states that if the records

4

are received prior to trial, or during the course of the trial, they will be submitted to the Court for review as to relevance.  The Court declines to exclude the telephone records on this record.

Plaintiffs seek to exclude the depositions of Rick Hawkins, Linda Hawkins, Ben Eagle, John Youngblood, and Kim May because they are going to be live witnesses at trial, except for impeachment purposes.  Defendant agrees that if these witnesses testify at trial, their depositions will not separately be admissible, except for impeachment purposes, but reserves the right to use the depositions of individuals who do not appear.  The Court agrees that if these individuals are to be live witnesses, their depositions are inadmissible, except for impeachment purposes.

Plaintiffs wish to exclude the deposition testimony of Marion Richard Reed, Jr. regarding the alleged misrepresentations made by the Brawners.  Specifically, Mr. Reed testified regarding the following: (1) that the Brawners stated that they were two months delinquent on their mortgage, when they were actually seven months delinquent, (2) that the Brawners stated that they did not know about the foreclosure sale on May 22, 2007, (3) that the Brawners misrepresented the amount of the contents in the home, (4) that the Brawners misrepresented the cause of the fire, (5) that Jon Brawner misrepresented that he received a deferment from the mortgage company because he was selling the home to Mr. Eagle and/or Mr. King; and (6) that Jon Brawner misrepresented the sale to Mr. Eagle.  Plaintiffs argue that these are not material misrepresentations, and therefore, are not relevant.

Plaintiffs also seek to exclude Reed's testimony regarding the basis for the allegation of arson.  Specifically, Plaintiffs seek to exclude Reed's testimony regarding a phony bill of sale to Eagle, that the Brawners had moved items from the home, that the Brawners denied knowledge of the sale, regarding Plaintiffs' "misrepresentation - motive financial concerning the

deferment," that Jon Brawner "pointed his finger at other individuals and gave a coffee maker as an excuse," that the investigation did not reveal that the people accused by the Brawners were involved, and that Jon Brawner sold the home that he did not own.  Plaintiffs state that these items are irrelevant to an arson defense and are not proper as a logical basis for an arson defense. Plaintiffs further state that the testimony of Reed regarding the evidence of Renea Brawner's involvement in the arson and his testimony regarding fraudulent statements in the sworn statement of proof of loss are not legally sufficient on the issues of arson and misrepresentation respectively.

Defendants argue that the facts discussed above are material if they are relevant to the Defendant's rights to decide upon its obligations and protect itself against false claims. Therefore, a misrepresentation may be material, even if it does not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to Allstate's investigation at the time.  *See Willis v. State Farm Fire & Cas. Co.*, 219 F.3d 715 (8th Cir. 2000).

Plaintiffs have cited no case law in support of their argument that the listed misrepresentations are not material under Arkansas law.  With regard to Mr. Reed's testimony, the Court will not exclude the described evidence of misrepresentation and arson.  However, the Court notes that Mr. Reed may only testify regarding facts of which he has personal knowledge. He may not be used as a summary witness.

Plaintiffs ask the Court to exclude Karen McClune as a witness and her files.  Plaintiffs state that Defendant produced Ms. McClune's file after her original deposition.  Therefore, they were deprived of the opportunity to depose Ms. McClune on this additional information.

6

Plaintiffs also argue that Ms. McClune's original claim file is irrelevant.  In a previous order, the Court declined to exclude evidence from Ms. McClune's file that was revealed in a letter dated November 8, 2007, due to its disclosure after Ms. McClune's deposition and beyond the discovery cutoff.  In the order, the Court noted that Plaintiffs' counsel acknowledged that Defendant's counsel offered to produce Ms. McClune for a second deposition and offered to pay the costs and expenses of the deposition.  Furthermore, Defendant will identify the specific documents it intends to use from the file.  The Court declines at this point to exclude Ms. McClune as a witness or to exclude her files, but this ruling is without prejudice to Plaintiffs' raising the issue again during the trial outside of the presence of the jury.

Plaintiffs ask the Court to exclude any and all information pertaining to Jon and Minnie Brawner's 1996 bankruptcy and evidence that Plaintiffs moved from Faulkner County to Cleburne County after the fire as irrelevant and prejudicial.  Plaintiffs also seek to exclude mention of the fact that Plaintiffs elected to bring this action in federal court, rather than state court, and any and all reference to Sandra Hendrick's September 7, 2007, letter to the State Fire Marshall's office, concerning a fire that occurred on July 18, 2006, at the rental home of Jonathan and Renea Brawner.  Additionally, Plaintiffs seek to exclude evidence of a fire loss involving the mother of Renea Brawner, which was determined to be arson and paid by Farm Bureau, because it does not have any connection to the Plaintiffs.[1]  Defendants do not dispute that this information is irrelevant, and therefore, will be excluded.

---

[1]The Court believes that it has already excluded this evidence in a previous order, noting that Defendant did not address Plaintiffs' request to exclude this evidence.

Plaintiffs also request that the Court prohibit the disclosure of the amount Plaintiffs paid for the home because, although the insurance coverage is greater than the amount paid by Plaintiffs, Defendant has failed to assert this as a basis for misrepresentation and this information would simply be used to imply that the Plaintiffs were over-insured.  While Defendant admits that it will not assert that the house was over-insured, Defendant argue that the information is relevant.  The Court agrees with Plaintiffs that the information should be excluded.

Plaintiffs also seek to exclude testimony by Richard West, Defendant's expert witness, that Jon Brawner was acting unusual at the time that he saw him and his opinion that Mr. Brawner was "talking real fast" and "overselling the fact that somebody burned his house."  Mr. West also testified that most people who have a fire loss are subdued, but Mr. Brawner was not. Plaintiffs state that Mr. West is an expert in fire investigation, not psychology, and therefore, these opinions should be excluded.  Defendant argues that Mr. West does not have to be a psychologist to express an opinion on the demeanor of an individual with respect to his experience in dealing with individuals who have suffered under similar circumstances.  The Court agrees with Plaintiffs and will exclude such evidence.

Plaintiffs also seek to exclude information concerning the failure to file tax returns and the failure to get an extension as irrelevant.  Alternatively, Plaintiffs request that the Court review and rule upon each item of evidence proffered by Allstate on these subjects to determine whether they are prejudicial and irrelevant.  Defendants argues that this information is relevant to the financial condition of the Plaintiffs at the time of the fire.  The Court agrees and declines to exclude this evidence.

8

Plaintiffs request that the Court exclude the criminal charges against Ben Eagle, a witness in this case.  Plaintiffs state that Mr. Eagle was somewhat evasive regarding his criminal history, and stated that he was charged with a felony, but could not remember how it turned out and was innocent of the charges.  He also stated that he was not convicted in 2001 on a forgery charge in Pulaski County, but was convicted of hot checks two or three years ago and was convicted of a felony hot check violation at some point.  Plaintiffs state that the Court should determine the admissibility of the various criminal charges prior to trial.  Plaintiffs also request that the Court exclude information regarding a lawsuit filed against him by Bank of America, in which Bank of America alleges that Mr. Eagle issued a $59,000.00 hot check as irrelevant.

Defendant argues that this information is relevant for impeachment purposes.  It appears that the recent hot check convictions may be admissible under Fed. R. Evid. 609(a)(2),[2] as the elements of the crime likely required proof or admission of an act of dishonesty or false statement.  Furthermore, it is possible that the information regarding the pending lawsuit may fall within the provisions of Fed. R. Evid. 608(b),[3] as probative of truthfulness or untruthfulness.  The admissibility of any other criminal charges is not clear.  The Court will reserve its decision on these issues pending further argument by Plaintiffs.

---

[2]Fed. R. Evid. 609(a)(2) provides, "For the purpose of attacking the character for truthfulness of a witness, . . . evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

[3]Fed. R. Evid. 608(a) provides, "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than a conviction of crime as provided in rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . .."

Plaintiffs move this Court to prohibit the defense from calling any fireman, including Keith Hillman, to give opinions about the cause of the fire, as they are not experts in the field and were not disclosed as experts.  Defendant states that it does not intend to call any firefighters.  Therefore, Plaintiffs' request is granted.

Plaintiffs also move this Court to exclude testimony regarding the details of the new house that the Brawners plan to build, including, but not limited to, the architectural drawings, the cost of the new house, etc, as irrelevant because the house was not under construction at the time of the fire.  Defendant acknowledges that the evidence of Plaintiffs' intent to build a new house is irrelevant, and acknowledges the Court's previous ruling on the issue.  Therefore, this evidence will be excluded, unless Plaintiffs open the door.

Finally, Plaintiffs request that the Court exclude information about the report of Sandra Hendrick to the Insurance Department Fraud Division and the results of that investigation as hearsay.  Defendants respond by stating that it acknowledges the Court's previous ruling that the report of the Arkansas Insurance Department is inadmissible.  However, Defendant argues that it should have the right to question appropriate witnesses regarding this subject if Plaintiffs open the door by attempting to impugn the conduct of Allstate through the course of its investigation. The evidence will be excluded, unless Plaintiffs open the door.

## II.      Plaintiffs' Motion in Limine (Docket No. 112)

Plaintiffs move this Court to prohibit Defendant from questioning Kim May, Plaintiff's expert, about the reasons that people burn their houses, and whether financial distress is one of the reasons that people burn their houses.  Plaintiffs argue that this testimony is general and

should not be inquired into on cross-examination by Defendant.  The Court agrees with Defendant that this testimony is admissible.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine (Docket Nos. 111) be, and it is hereby, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine (Docket Nos. 112) be, and it is hereby, DENIED.

IT IS SO ORDERED this 10th day of January, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE