UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN BRAWNER and
RENEA BRAWNER                                                              PLAINTIFFS

v.                          CASE NO. 4:07-CV-00482 GTE

ALLSTATE INDEMNITY COMPANY                                                  DEFENDANT

## ORDER

Presently before the Court is Defendant's Motion in Limine (Docket No. 128). Defendant requests that the Court exclude Mr. John Youngblood, Plaintiff's insurance industry expert, from testifying as an expert in this case pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

In the document disclosed during discovery to Defendants entitled "Expert Opinion of John Youngblood," Mr. Youngblood opined that Allstate did not act in good faith; that the Brawners did not conceal or misrepresent material facts; that the insureds nor anyone on their behalf were responsible for the fire; that Allstate did not adequately explain to Plaintiffs how to present their damages claim; and that Allstate is guilty of improper cancellation.

In a previous order, the Court briefly addressed this issue, stating:

> The Court notes that in a "Trial Brief" submitted by Plaintiffs, Plaintiffs anticipate that Defendant may take issue with certain testimony of their insurance industry expert, John Youngblood. Plaintiffs bring to the Court's attention an opinion by the Honorable Rodney Webb in the case of *Tweedle v. State Farm Fire and Cas. Co.*, Case No. 4:04-cv-608. There, in the context of Defendant's Motion for a New Trial, Judge Webb held that Mr. Youngblood's testimony was both relevant and reliable. Mr. Youngblood testified about the different types of arson investigations and the proper insurance industry standards, specifically criticizing the defendant insurance company for conducting a "negative

investigation," rather than a "positive investigation." There, as in this case,[1] bad faith and negligence were not a part of the plaintiff's claim.

The Court is generally of the opinion that Mr. Youngblood's testimony as to the propriety of the investigation by Defendant is irrelevant, as the Court has dismissed the bad faith and negligence claims against Defendant. Furthermore, it is for the Court and the jury to determine whether the alleged misrepresentations of Plaintiffs were material, and were, in fact, made. Thus, the Court is inclined to exclude such testimony, but will address this issue again upon further argument by the parties. Independently, the Court suggests possible *Daubert* problems in connection with Mr. Youngblood's testimony.

The parties agree that Mr. Youngblood may "take the policy and give a description of the damage portion of it that is relevant" to the case. Plaintiffs submit the following additional opinions to be presented: (1) that Allstate investigated to lead to a denial rather than try to find coverage; (2) that Plaintiffs statements that they were two months behind on their mortgage, when they were actually seven months behind, is not material; (3) that whether Mr. Brawner was behind on his child support obligations is not material, and even if it was, Mr. Brawner testified that he was behind and did not testify to an amount or a date; (4) that the misrepresentations relied upon by Allstate are not material; (5) that Allstate should have focused on whether the insureds believed that Mr. Eagle had the capacity to go through with the sale of their home, rather than whether Mr. Eagle actually had the capacity to do so; (6) that Allstate should have required the inclusion of financial information on the application for insurance if Allstate intended to rely upon it as a basis for the denial of a claim; and (7) that Allstate should have investigated the racial threat based upon the sale of the home to an African-American to the same extent that it investigated the Brawners' financial situation.

---

[1] The Court previously granted summary judgment in favor of Defendant on several of Plaintiffs' claims, including bad faith and negligence.

"Although expert opinion embracing an ultimate issue is permissible under Federal Rules of Evidence 704(a), 'courts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion.'" *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006).  "[E]xpert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge 'if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation.  *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35, 82 S. Ct. 1119, 1122 (1962).

The Court will allow the agreed upon testimony, but declines to allow Mr. Youngblood to testify regarding the additional matters, as those matters are for the jury.  The jury is capable of comprehending the facts in this case and drawing correct conclusions.  Furthermore, some of the excluded opinions have not been appropriately disclosed prior to trial.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion in Limine (Docket No. 128) be, and it is hereby, GRANTED.

IT IS SO ORDERED this 16th day of January, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE