**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JOHN BRAWNER and
RENEA BRAWNER**                                                                                    **PLAINTIFFS**

**v.**                                              **CASE NO. 4:07-CV-00482 GTE**

**ALLSTATE INDEMNITY COMPANY**                                                      **DEFENDANT**

**ORDER**

Presently before the Court is Plaintiffs' Renewal for Judgment as a Matter of Law or Stated Alternatively, Motion for Directed Verdict; Motion for New Trial; Motion for Judgment Notwithstanding the Verdict.

First, Plaintiffs renew their motion for judgment as a matter of law, or their motion for directed verdict, contending that there was not sufficient competent evidence to justify the submission of either the arson defense or the misrepresentation defense to the jury. Fed. R. Civ. P. 50(b). Federal Rule of Civil Procedure 50(b) provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment–or if the motion addresses a jury issue not decided by a verdict, no later than 10 days after the jury was discharged–the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
> 
>    (1) allow judgment on the verdict, if the jury returned a verdict;
> 
>    (2) order a new trial; or
> 
>    (3) direct the entry of judgment as a matter of law.

"Motions for JNOV [judgment notwithstanding the verdict] (as well as motions for a directed verdict) are treated as motions for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure." *Askew v. Millerd*, 191 F.3d 953, 956 n.4 (8th Cir. 1999). "A judgment as a matter of law is appropriate if 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc.*, 439 F.3d 894, 899 (8th Cir. 2006) (citing Fed. R. Civ. P. 50(a)(1)). "[W]here conflicting inferences reasonably can be drawn from evidence, it is the function of the jury to determine what inference shall be drawn." *Id*. at 900. All reasonable inferences and facts are viewed in the light most favorable to the nonmoving party, without making credibility assessments or weighing the evidence. *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods*, 477 F.3d 583, 591 (8th Cir. 2007).

> Plaintiffs set forth six misrepresentations alleged by Allstate:
>
> (1) The extent of the deficiencies on the mortgage. The Brawners stated that they were two months delinquent and in fact they were seven months delinquent on the mortgage.
>
> (2) The Brawners stated that they did not know about the foreclosure sale on May 22, 2007.
>
> (3) The Brawners misrepresented the amount of the contents in their home at the time of the fire.
>
> (4) The Brawners misrepresented the cause of the fire by denying that they were guilty of arson.
>
> (5) Jon Brawner stated that he received a deferment from the mortgage company because he was selling to Ben Eagle.
>
> (6) The sale to Ben Eagle was not valid.

Plaintiffs contend that Allstate did not prove that these misrepresentations or that the alleged misrepresentations were material. First, Plaintiffs argue that the extent of the deficiency on the

mortgage is not relevant, as Allstate had already decided that it would deny the claim. Additionally, Plaintiffs state that Holly Goodwin testified that she learned the full extent of the mortgage deficiency within hours of the time that the Brawners allegedly made the statement that they were two months behind on their mortgage.  Second, Plaintiffs argue that there is no evidence in the record that Plaintiffs knew about the foreclosure sale on May 22, 2007, and even if they did, they did not make any misrepresentations about it.  Plaintiffs further state that Plaintiffs' knowledge of the foreclosure sale was not material to the right of Allstate to protect itself against false claims because Allstate learned of the foreclosure sale within hours of the interview with the Brawners.

Third, Plaintiffs argue that there is no evidence that Plaintiffs misrepresented the contents in the home, as Allstate presented no evidence to challenge the contents list.  Fourth, Plaintiffs argue that because the jury found for the Brawners as to the arson defense, an alleged misrepresentation based upon said defense would be contradictory.  Fifth, Plaintiffs state that there is no evidence that Mr. Brawner did not receive a deferment, and that Regions representatives testified that they understood that there was some deferment type of action in November 2005.  Additionally, Plaintiffs state that there was nobody from the Veteran's Administration that would contradict Mr. Brawner's statement that he spoke with the VA and they gave him a deferment.  Finally, Plaintiffs argue that there is no evidence that the sale to Ben Eagle was invalid, as Mr. Eagle testified that he was able to produce $10,000, although the Brawners wanted more and that he intended to go through with the sale.

With regard to materiality, the jury instructions stated:

A misrepresentation must be material to void the insurance policy.  A fact or circumstance is material if it pertains to facts that are relevant to Allstate

3

> Indemnity Company's rights to decide upon its obligations and to protect itself against false claims. A misrepresentation may thus be material even if it does not ultimately prove to be significant for the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time. The materiality of a statement is to be evaluated at the time the statement was made, not in light of the facts as they are later revealed to be. A material misrepresentation by an insured will not void the insurance policy unless it is made knowingly and intentionally.

The jury selected "No" to the Interrogatory, "Do you find from a preponderance of the evidence that Jon or Renea Brawner intentionally burned the insured property or caused its destruction by directing another person or persons to burn said property?". The jury selected "Yes" to the Interrogatory, "Do you find from a preponderance of the evidence that Jon or Renea Brawner intentionally concealed or misrepresented material facts or circumstances relating to their insurance claim?".

In the alternative, Plaintiffs move for a new trial pursuant to Federal Rule of Civil Procedure 59, which states, "The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). "A new trial is appropriate when the verdict was against the clear weight of the evidence, was clearly excessive, or was the result of passion or prejudice." *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 735 (8th Cir. 2007). Additionally, a motion for new trial is appropriately granted if allowing the verdict to stand would result in a miscarriage of justice. *Rustenhaven v. American Airlines, Inc.*, 320 F.3d 802, 806 (8th Cir. 2003). "On a motion for new trial, the district court is entitled to interpret the evidence and judge the credibility of witnesses, but it may not usurp the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable." *Id.* "In determining whether a verdict is against the weight of

the evidence, the trial court can rely on its own reading of the evidence-it can 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quoting *Ryan v. McDonough Power Equip*., 734 F.2d 385, 387 (8th Cir. 1984)).  The Eighth Circuit has made clear that "the district court must find that the jury's verdict was against the 'great,' 'clear,' or 'overwhelming' weight of the evidence." *Frumkin v. Mayo Clinic*, 985 F.2d 620, 624 (8th Cir. 1992) (citing cases).

Plaintiffs contend that the misrepresentation verdict was against the weight of the evidence and that the trial was manifestly unjust.  Plaintiffs rely, in part, on the arguments set forth above.  Plaintiffs also note thirty-one instances in which they contend that the prejudicial actions and comments of Allstate's attorney deprived Plaintiffs of a fair trial.

Although close questions are presented, nevertheless, based upon the record, the Court cannot find that there is no legally sufficient basis for a reasonable jury to find for Defendant Allstate as to the misrepresentation issue, as required for judgment as a matter of law.[1]  However, the Court will grant Plaintiffs' Motion for a New Trial because allowing the verdict to stand would result in a miscarriage of justice.

First, the arson allegations and proof offered in support thereof were rejected by the jury.  Nevertheless, the existence of the arson defense and the voluminous evidence in support thereof contaminated the trial of the misrepresentation issue to the great prejudice of the Plaintiffs.  As noted, one of the material misrepresentation claims of the Defendant was that Plaintiffs

---

[1]The Court notes that motions in limine, prior to the rescheduled new trial, may give the Court and the parties the opportunity to focus more closely on just what evidence will be permitted at the trial.  See further discussion below.

misrepresented the cause of the fire and that they lied when they denied they were guilty of arson. The jury subsequently found to the contrary. The effect, in the Court's opinion, was to deny the plaintiffs a fair trial on the legitimate misrepresentation issues. Raising the arson defense without adequate proof creates suspicion and prejudice by permitting Defendant the opportunity to paint Plaintiffs as bad or untrustworthy persons.

Additionally, Plaintiffs admitted that they were behind in their mortgage payments a "couple of months or so," although, in fact, they were seven months behind. Plaintiffs also acknowledged they were behind in paying utility and other bills. Plaintiffs denied that they were aware of the "informal foreclosure" initiated by Regions. In fact, the proof demonstrated that the cover letters for the notices of foreclosure sent March 14, 2006, indicate that said notices were sent by First Class and Certified Mail to 10 Dakota Dr., Conway, Arkansas and 7700 N. Hills Blvd., Apt. 103, North Little Rock, Arkansas. However, all of the First Class and Certified Mail sent to 10 Dakota Dr. and the Certified Mail sent to the North Little Rock address, at which Plaintiffs never resided, were returned to the sender. The cover letters for the notices of foreclosure dated March 24, 2006, are addressed to the Brawners' post office box and indicates that same were sent by First Class and Certified Mail. However, the First Class and Certified Mail were returned to sender and the envelopes attached to each letter are addressed to the North Little Rock address. The cover letters for the notices of foreclosure dated April 7, 2006, indicate that said notices were sent to the Brawners' post office box. However, each of the Certified Mail copies were returned to sender. Furthermore, Plaintiff's name at that time was Renea Brawner, and the letters were addressed to "Michael L. Young," "Current Spouse of Michael L. Young," "Renea Hawkins Young," and "Current Spouse of Renea Hawkins Young."

Furthermore, in Defendant's response, Defendant essentially acknowledges that it submitted no affirmative proof that Plaintiffs made misrepresentations regarding their contents list or that Plaintiffs had not received a deferment from the Veterans' Administration.  Rather, Defendant simply alleges that the jury could have chosen to disbelieve the Plaintiffs' testimony.  The Court also notes that some, but not all, of the allegations regarding the comments and actions taken by Allstate's counsel are accurate and said comments and actions were prejudicial.  Plaintiffs' Motion for a New Trial is granted.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Renewal of their Motion for Judgment as a Matter of Law, or Motion for Directed Verdict, and Motion for Judgment Notwithstanding the Verdict (Docket No. 141) be, and they are hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for New Trial (Docket No. 141) be, and it is hereby, GRANTED.  The Court will issue a new scheduling order.

IT IS SO ORDERED this 31st day of March, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE