**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOHN BRAWNER and**
**RENEA BRAWNER**                                                                    **PLAINTIFFS**

**v.**                                          **CASE NO. 4:07-CV-00482 GTE**

**ALLSTATE INDEMNITY COMPANY**                                    **DEFENDANT**

**ORDER**

Presently before the Court is Plaintiffs' Fourth Motion for Summary Judgment (Docket

No. 153).

**I.      Background**

Allstate Indemnity Company ("Allstate") issued insurance policy number 921028867 to

Jonathan and Renea Brawner, insuring real and personal property located at 10 Dakota Drive,

Conway, Arkansas.  On May 18, 2006, Plaintiffs' residence was destroyed by fire.  Allstate, by

and through its employee, Sandra Hendrick, investigated the fire loss, and subsequently denied

the Plaintiffs' claim.

Plaintiffs filed their Complaint in this Court on May 4, 2007.  On October 12, 2007, the

Court denied Plaintiff's First Motion for Summary Judgment stating, "Defendants have

submitted sufficient evidence to show that there is a genuine issue as to the material facts

regarding . . . whether the Plaintiffs, or one of them, intentionally concealed and/or

misrepresented material facts relating to the fire and their claim submitted to Defendant."  The

Court again denied summary judgment as to the misrepresentation issue on December 10, 2007.

The case proceeded to trial. Allstate relied upon the affirmative defenses of arson and

misrepresentation.  On January 18, 2008, the jury returned a verdict for Plaintiffs as to the arson

issue and for Defendant as to the misrepresentation issue.  On March 31, 2008, the Court denied

Plaintiff's Renewal of their Motion for Judgment as a Matter of Law, or Motion for Directed

Verdict, and Motion for Judgment Notwithstanding the Verdict, but granted Plaintiffs' Motion

for a New Trial a new trial as to the misrepresentation issue.

Defendant argues that the Court did not limit its grant of a new trial to the

misrepresentation issue.  However, the Court stated in its Order:

> Plaintiffs contend that the misrepresentation verdict was against the weight of the
> evidence and that the trial was manifestly unjust.
> . . .
> However, the Court will grant Plaintiffs' Motion for a New Trial because
> allowing the verdict to stand would result in a miscarriage of justice.
> . . .
> First, the arson allegations and proof offered in support thereof were rejected by
> the jury.  Nevertheless, the existence of the arson defense and the voluminous
> evidence in support thereof contaminated the trial of the misrepresentation issue
> to the great prejudice of the Plaintiffs.  As noted, one of the material
> misrepresentation claims of the Defendant was that Plaintiffs misrepresented the
> cause of the fire and that they lied when they denied they were guilty of arson.
> The jury subsequently found to the contrary.  The effect, in the Court's opinion,
> was to deny the plaintiffs a fair trial on the legitimate misrepresentation issues.
> Raising the arson defense without adequate proof creates suspicion and prejudice
> by permitting Defendant the opportunity to paint Plaintiffs as bad or
> untrustworthy persons.

Although the Court neglected to explicitly state that it was limiting the new trial to the issue of

misrepresentation, it intended to do so.  Federal Rule of Civil Procedure 59 states, "The court

may, on motion, grant a new trial on all *or some of the issues*–and to any party–as follows: (A)

after a jury trial, for any reason for which a new trial has heretofore been granted in an action at

law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A) (emphasis added); *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 735 (8th Cir. 2007) ("A new trial is appropriate when the verdict was against the clear weight of the evidence, was clearly excessive, or was the result of passion or prejudice."); *Rustenhaven v. American Airlines, Inc.*, 320 F.3d 802, 806 (8th Cir. 2003) (stating that a motion for new trial is appropriately granted if allowing the verdict to stand would result in a miscarriage of justice). Therefore, the Court clarifies that the new trial will be limited to the issue of misrepresentation.

## II.    Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III.   Plaintiffs' Motion for Summary Judgment

Plaintiffs state that Defendant set forth six alleged misrepresentations made by the Brawners: (1) the extent of the deficiency on the Brawners' mortgage; (2) the Brawners' knowledge of the foreclosure sale; (3) the amount of the contents in the home at the time of the fire; (4) the cause of the fire; (5) the deferment from the mortgage company; and (6) the sale of

the home.  Plaintiffs argue that Defendant cannot establish that the Brawners knowingly

misrepresented the extent of the deficiency of their mortgage.  Plaintiffs also argue that there is

no evidence that the representation that the Brawners were two months behind on their

mortgage, when in fact they were seven months behind on their mortgage, harmed Defendant.

However, Defendant asserts that a reasonable jury could find that the Brawners were aware of

the extent of the deficiency of their mortgage due to their bank statements, which were mailed to

the post office box used by Plaintiffs.  Defendant also notes that "a misrepresentation may [] be

material even if it does not ultimately prove to be significant to the disposition of the claim," and

"the materiality of a statement is to be evaluated at the time that the statement was made, not in

light of facts as they are later revealed to be."  The Court finds that there are genuine issues of

material fact as to this alleged misrepresentation.

Plaintiffs also argue that Defendant cannot establish that the Brawners knowingly

misrepresented their knowledge of the foreclosure.  However, Defendant notes that Crystal

Fortier, the paralegal to the attorney handling the foreclosure for Regions Bank, testified that the

first class letters dated April 7, 2006, that were sent to the Brawners' post office box were not

returned.  Furthermore, Ms. Fortier testified that on May 19, 2006, the day after the fire, she

received a phone call from a gentleman who identified himself as Jon Brawner who knew that

the mortgage borrower was Renea Young and told her that her name was now Renea Brawner.

Defendants further state that Ms. Fortier testified that the caller told her that the foreclosure sale

needed to be cancelled because the house had burned and gave her a cellular phone number that

Plaintiff identified as belonging to Jon Brawner.  The Court finds that there are genuine issues of

material fact as to this alleged misrepresentation.

Plaintiffs also argue that the Defendant cannot establish that the Brawners knowingly misrepresented the fact that the Brawners were selling their home.  Defendant notes the discrepancies in the testimony of Mr. Eagle and Mr. Brawner in explaining the sale of the home, the lack of an appraisal or title search by Mr. Eagle, and Mr. Eagle's failure to produce evidence of his financial ability to purchase the property.  The Court finds that there are genuine issues of material fact as to this alleged misrepresentation.

Next, Plaintiffs argue that the Defendant cannot establish that the Brawners knowingly misrepresented the contents in their home at the time of the fire and the deferment of their mortgage.  Plaintiffs state that Defendant bases its assertion of misrepresentation on the fact that the Brawners had been in the process of moving during the two days preceding the fire, yet claim to have had $219,000 of items remaining in the house at the time of the fire, and that the Brawners could not have owned that much personal property due to their financial situation. However, Plaintiffs assert that Defendant admits that it does not know the total amount or value of property owned by the Brawners before the fire.  Plaintiffs further assert that Defendant did not present any evidence to challenge the accuracy of the Brawners' contents list at trial. Additionally, Plaintiffs argue that the Defendant cannot establish that the Brawners knowingly misrepresented the deferment of their mortgage.  In a previous order, the Court stated, "Defendant essentially acknowledges that it submitted no affirmative proof that Plaintiffs made misrepresentations regarding their contents list or that Plaintiffs had not received a deferment from the Veterans' Administration."  Defendant does not directly address these arguments.

However, in a previous brief, Defendant argued that the jury was free to disbelieve Plaintiffs' "incredible testimony" that they made no concerted efforts to retrieve $22,000 in

jewels from the ruins of the house and was not required to believe testimony regarding Plaintiffs'

Persian rugs.  But such disbelief alone does not provide the substantive factual evidence required

to sustain such a misrepresentation claim on summary judgment.  Also in Defendant's previous

brief, it argued that, according to the testimony of Crystal Fortier and Keith Smith and Regions

bank records, there was substantial evidence that no contact or deferment with the mortgage

lender was made after November of 2005 up until after the fire.  Therefore, the Court finds that

summary judgment is appropriate as to Plaintiffs' alleged misrepresentation of the contents of

their home.  While Plaintiffs present a close question on the alleged deferment misrepresentation

issue, the Court finds that genuine issues of material fact remain for the jury's consideration.

Finally, the Court agrees with Plaintiffs that the jury's verdict as to the arson defense

forecloses Defendant's argument that the Brawners misrepresented the cause of the fire.

Therefore, summary judgment is granted as to this issue.

However, the Court believes it is important to clarify this ruling.  As to the

misrepresentation issue, the policy in this case provides in pertinent part, "We do not cover any

loss or occurrence in which any insured person has concealed or misrepresented any material

fact or circumstance."  The jury instruction given at the trial in this case regarding materiality

stated:

> A misrepresentation must be material to void the insurance policy.  A fact or
> circumstance is material if it pertains to facts that are relevant to Allstate
> Indemnity Company's rights to decide upon its obligations and to protect itself
> against false claims.  A misrepresentation may thus be material even if it does not
> ultimately prove to be significant to the disposition of the claim, so long as it was
> reasonably relevant to the insurer's investigation at the time.  The materiality of a
> statement is to be evaluated as of the time the statement was made, not in light of
> the facts as they are later revealed to be.  A material misrepresentation by an
> insured will not void the insurance policy unless it was made knowingly and
> intentionally.

It is undisputed that the fire in this case was incendiary in origin.  Therefore, Allstate reasonably

investigated the possibility of arson by or at the direction of Plaintiffs even if it was ultimately

determined by the jury that Plaintiffs were not the responsible party.  In the course of that

investigation, a reasonable jury could find that the alleged misrepresentations regarding

Plaintiffs' financial status may have been material.  Therefore, although Defendant may not

suggest or attempt to prove that Plaintiffs were responsible for the fire, and thus misrepresented

the cause of the fire, the Defendant will be allowed to present proof that Plaintiffs' alleged

misrepresentations were relevant to Allstate Indemnity Company's rights to decide upon its

obligations and to protect itself against false claims through its investigation of the possibility of

an arson defense.

The Court recognizes that its rulings in this Order may raise evidentiary issues that will

need to be addressed prior to trial.  Some of the evidence admitted in the first trial will obviously

no longer be relevant in the new trial due to the exclusion of the arson defense.  The Court also

notes that evidence the Court may exclude prior to trial may be made relevant during trial if the

"door is opened" by a party.  The Court will address each of these issues if and as they are

raised.

## CONCLUSION

The Court finds that there are genuine issues of material facts as to the following

misrepresentations: (1) the extent of the deficiency on the Brawners' mortgage; (2) the

Brawners' knowledge of the foreclosure sale; (3) the sale of the home; and (4) the deferment

from the mortgage company.  However, Defendant has not submitted sufficient proof to

withstand summary judgment as to the alleged misrepresentations regarding the amount of the

contents in the home at the time of the fire.  Also, the Court is of the opinion that the jury's

verdict as to the arson defense forecloses Defendant's argument that the Brawners

misrepresented the cause of the fire. Therefore, summary judgment is granted as to those alleged

misrepresentations.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment (Docket

No. 153) be, and it is hereby, GRANTED in part, and DENIED in part as set forth above.

IT IS SO ORDERED this 21ˢᵗ day of May, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE