UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JON BRAWNER and
RENEA BRAWNER                                                                                    PLAINTIFFS

v.                                          CASE NO. 4:07-CV-00482 GTE

ALLSTATE INDEMNITY COMPANY                                                       DEFENDANT

### ORDER

Presently before the Court is Plaintiffs' Motion for Summary Judgment.

**I.      Background**

Allstate Indemnity Company ("Allstate") issued insurance policy number 921028867 to Jonathan and Renea Brawner, insuring real and personal property located at 10 Dakota Drive, Conway, Arkansas. On May 18, 2006, Plaintiffs' residence was destroyed by fire. Allstate, by and through its employee, Sandra Hendrick, investigated the fire loss. On November 15, 2006, Allstate advised the Brawners that it would deny payment on the claim because: "(1) The policy of insurance is void as a result of willful concealment and misrepresentation of material facts regarding the cause and origin of the fire, among other things, and for false swearing in the Proof of Loss and examination under oath relating thereto[;] (2) The fire is of an incendiary origin for which you or someone on your behalf is responsible[;] (3) The Proof of Loss which you have filed is fraudulent in that you falsely stated the cause and origin of the fire, although you have knowledge of the true cause and origin of the fire[;] (4) The amount of your claim grossly exceeds any loss you may have actually sustained[;] (5) Finally, Allstate Insurance Company is exercising its right to cancel your policy."

On May 4, 2007, Plaintiffs filed their Complaint alleging breach of the implied covenant of good faith and fair dealing, slander, breach of the insurance contract, outrage, bad faith, and negligence. The Court denied Plaintiff's initial motion for summary judgment on October 12, 2007. On December 10, 2007, the Court granted summary judgment in favor of Defendant as to each of Plaintiff's claims, except Plaintiff's claim for breach of the insurance contract, and denied Plaintiff's motion for summary judgment as to Allstate's defenses. The Court also concluded that in the event Plaintiffs prevailed on their breach of contract claim, they would be entitled to recover the amount of $171,278.00 on the home, but denied summary judgment as to the total amount of Plaintiffs' personal property loss.

The case proceeded to trial. Allstate relied upon the affirmative defenses of arson and misrepresentation. On January 18, 2008, the jury returned a verdict for Plaintiffs as to the arson issue and for Defendant as to the misrepresentation issue. On March 31, 2008, the Court denied Plaintiff's Renewal of their Motion for Judgment as a Matter of Law, or Motion for Directed Verdict, and Motion for Judgment Notwithstanding the Verdict, but granted Plaintiffs' Motion for a New Trial as to the misrepresentation issue.

On May 21, 2008, the Court granted Plaintiffs' summary judgment as to the alleged misrepresentations regarding (1) the amount and identity of the contents (personal property) in the home at the time of the fire and (2) that the Brawners' misrepresentations as to the cause of the fire. However, the Court stated that there remained genuine issues of material facts as to the following alleged misrepresentations: (1) the extent of the deficiency on the Brawners' mortgage; (2) the Brawners' knowledge of the foreclosure sale; (3) the sale of the home; and (4) the deferment from the mortgage company.

## II.     Motion for Summary Judgment

Plaintiffs now request that the Court grant summary judgment on the value of the contents of their home.  Plaintiffs state that the testimony of Dianne Holloway, along with Exhibit 87, establishes that the value of the contents was in excess of the stated amount of the contents and/or personal property on the declarations page, and therefore, under the terms of the policy, Plaintiffs are entitled to the full amount of the personal property or contents as stated on the declarations page.[1]

Diane Holloway was an expert retained by Plaintiffs to help assign values to Plaintiffs' claimed personal property items, as well as replacement costs.  Plaintiffs present her deposition testimony and Exhibit 87, Ms. Holloway's report.  Ms. Holloway's report indicates that the actual cash value of the items in the Brawners' residence was $52,817.50, and the replacement value of those items is $205,131.00.[2]  It appears that the total amount of the personal property protection under the terms of the policy is $128,459.

In response, Defendant asserts that Ms. Holloway's testimony does not establish that Plaintiffs owned the property at the time of the loss or the value of the Plaintiffs' property. Defendant notes that Ms. Holloway testified that she was not representing that the Plaintiffs actually had the items listed.[3]  Defendant states that the Court's Order concluded that Defendant

---

[1] Plaintiffs incorrectly state that Ms. Holloway's testimony was presented at the first trial. Additionally, Exhibit 87 was not introduced at the first trial.  Nevertheless, the Court may consider these exhibits in ruling on the motion.

[2] The Court notes that at the first trial of this matter, Mrs. Brawner testified that her contents totaled $220,088.00.  *See* Docket 162, Trial Transcript, Renea Brawner Testimony, p. 337.

[3] *See* Holloway Dep., Exhibit 1, p. 9 at lines 5-7.

had not submitted sufficient proof to withstand summary judgment as to the alleged misrepresentations regarding the amount of the contents in the home at the time of the fire. Defendant asserts that this ruling does not entitle Plaintiffs to summary judgment on the value of the contents because the Court also found that there are genuine issues of material facts as to several misrepresentations, and each of those misrepresentations present a sufficient basis for an issue of fact as to whether or not the Defendant properly denied the claim, including Plaintiffs' contents claim.  The Court disagrees.  Plaintiffs are entitled to summary judgment as to the value of the contents in their home that they claim were destroyed by the fire.

Allstate is correct in its assertion that if Allstate succeeds on its misrepresentation defense, Plaintiffs will not be entitled to recover anything based upon the policy language. However, the Court concludes that if Defendants lose on the misrepresentation defense, Plaintiffs will be entitled to the full amount of the personal property or contents per the declarations page of the policy, to wit, $128,459.

### III.   Impact of Recent Eighth Circuit Case on Materiality Issue

The Court notes that the Eighth Circuit has just issued an opinion in *Warren v. State Farm Fire & Casualty Co.*, Case No. 07-2010, 2008 WL 2680899 (8th Cir. July 10, 2008). However, the Court notes that the Mandate in this case has not issued, and thus there is still the possibility of rehearing.  Assuming that this decision stands, the Court questions whether the Eighth Circuit's holdings regarding materiality should cause the Court to reevaluate whether a reasonable jury could find that any of the remaining alleged misrepresentations, even if made, would be material as a matter of law.  The remaining alleged misrepresentations are as follows:

(1) the extent of the deficiency of the Brawners' mortgage; (2) the Brawners' knowledge of the foreclosure sale; (3) the sale of the home; and (4) the deferment from the mortgage company.

In *Warren*, the Eighth Circuit stated:

> The final two alleged material misrepresentations are insufficient as a matter of law due to State Farm's failure to offer any evidence of materiality. Under Arkansas law, "a fact or circumstance is material if it pertains to facts that are relevant to the company's rights to enable the company to decide upon its obligations and to protect itself against false claims." Willis, 219 F.3d at 718 (quotations omitted). Accordingly, "[a] misrepresentation may . . . be material even if it does 'not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time[.]'" Id. (quoting Wagnon v. State Farm Fire & Cas. Co., 146 F.3d 764, 768 (10th Cir. 1998)); see Allstate Ins. Co. v. Voyles, 65 S.W.3d 457, 462 (Ark. Ct. App. 2002) ("Under Arkansas law, a fact or circumstance is material if it pertains to facts that are relevant to the insurer's rights to decide upon its obligations and to protect itself against false claims.") (citing Willis v. State Farm Fire & Cas. Co., 219 F.3d 715, 719 (8th Cir. 2000)).
>
> In Willis, which also involved a house fire and an insurer asserting the material representation defense, this court reversed the district court's grant of judgment as a matter of law in favor of the insured. 219 F.3d at 717. There, Mr. Willis represented to the insurer that he did not believe his wife played any role in setting the fire. Id. However, a friend of Mr. Willis's testified that Mr. Willis had stated that he suspected that his wife started the fire because he observed her moving personal items out of the house shortly before the fire started. Id. at 717-18. The Willis Court found Mr. Willis's misrepresentation material because "[i]f such information had come to light at an earlier point in the investigation, the direction of the investigation and the resources allocated by [the insurer] to conduct it might very well have been different and more effective." Id. at 718.
>
> Warren stated to the claims representative that she had never had any prior fire losses. Warren corrected this at her sworn statement, when she informed State Farm that she had a car fire claim in 2002. There is no evidence that the prior car fire was an arson fire, and Warren disclosed the incident as well as the surrounding circumstances two months before State Farm denied her claim. Whatever relevance the prior car fire claim had, State Farm presented no evidence to show that its resources or the direction of its investigation would have been different had it been apprised of the prior fire loss in Warren's first statement.

>Accordingly, Warren's initial misrepresentation was not material within the meaning of Willis.
>
>Warren told the representative that she was unaware of the delinquent status of her mortgage indebtedness at the time of the fire. Assuming this was an intentional misrepresentation, Warren also disclosed, in the same statement, that she was, in fact, delinquent on her mortgage at the time of the fire. Thus, State Farm was informed by Warren of the delinquency over two months before it denied her claim. In order to be material, a misrepresentation must, at least, somehow impact the insurer's investigation of the claim. Id.; Voyles, 65 S.W.3d at 462. State Farm has produced no evidence that Warren's knowledge of the status of her mortgage, one way or the other, would have altered the course of its investigation or its treatment of her claim in any way. Without such evidence, no reasonable jury could find that Warren's statement that she lacked knowledge of the delinquency at the time of the fire was a *material* misrepresentation.

Here, when asked how far behind the payments on the mortgage were, Mr. Brawner stated "I believe a couple of months or so."[4] In fact, Plaintiffs were seven months behind and foreclosure was imminent. However, immediately after the initial alleged misrepresentation regarding the mortgage deficiency, it appears that an Allstate representative learned that non-judicial foreclosure proceedings were underway.[5]

Even assuming the Brawners intentionally made the alleged misrepresentations, has Allstate produced any evidence that the Brawners' knowledge as to the true extent of the delinquency on the mortgage or the state of the foreclosure proceedings altered the course of Allstate's investigation, altered Allstate's treatment of the Brawner's claim, or that Allstate's

---

[4] Docket No. 164, Trial Transcript, Holly Goodwin Testimony, p. 783.

[5] Docket No. 164, Trial Transcript, Holly Goodwin Testimony, p. 726 ("The only thing in particular about the recorded statement, I went from the loss location to the courthouse to do a search on the property. Mr. Brawner had stated he was two months behind on the mortgage, and when I got to the courthouse to verify the warranty deed and whose name it was in and the mortgage, there was a notice of foreclosure filed with the Court.").

resources or the direction of its investigation would have been different had it been apprised of the detailed true facts?  Furthermore, did Allstate produce any evidence that, had it been apprised that the Brawners had misrepresented the sale of the home and the deferment from the mortgage, Allstate's resources or the direction of its investigation would have been different?  Without such evidence, even assuming that the Brawners intentionally made the alleged misrepresentations, the Court questions whether a reasonable jury could find that these alleged misrepresentations were material within the meaning of Willis.

> In the first trial of this matter, the jury instruction with regard to materiality stated:
>
> A misrepresentation must be material to void the insurance policy.  A fact or circumstance is material if it pertains to facts that are relevant to Allstate Indemnity Company's rights to decide upon its obligations and to protect itself against false claims.  A misrepresentation may thus be material even if it does not ultimately prove to be significant for the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time.  The materiality of a statement is to be evaluated at the time the statement was made, not in light of the facts as they are later revealed to be.  A material misrepresentation by an insured will not void the insurance policy unless it is made knowingly and intentionally.

What, if any, impact should the holding in *Warren* have on this instruction?  The Court will welcome the views of the parties.  Brief briefs on this issue should be filed no later than July 23, 2008.  Subsequently, the Court may hold a telephone conference on this issue.

> Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 168) be, and it is hereby, GRANTED as stated herein.

> IT IS FURTHER ORDERED that the parties are directed to file their briefs on the

materiality issue discussed above on or before July 23, 2008.

IT IS SO ORDERED this 16th day of July, 2008.

                                                /s/Garnett Thomas Eisele_____
                                                UNITED STATES DISTRICT JUDGE