**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JON BRAWNER and**
**RENEA BRAWNER**                                                                    **PLAINTIFFS**

v.                                    **CASE NO. 4:07-CV-00482 GTE**

**ALLSTATE INDEMNITY COMPANY**                                                   **DEFENDANT**

## ORDER

Presently before the Court is Plaintiffs' Motion for Summary Judgment.

### I.   Background

Allstate Indemnity Company ("Allstate") issued insurance policy number 921028867 to Jonathan and Renea Brawner, insuring real and personal property located at 10 Dakota Drive, Conway, Arkansas.  On May 18, 2006, Plaintiffs' residence was destroyed by fire.  Allstate, by and through its employee, Sandra Hendrick, investigated the fire loss.  On November 15, 2006, Allstate advised the Brawners that it would deny payment on the claim because: "(1) The policy of insurance is void as a result of willful concealment and misrepresentation of material facts regarding the cause and origin of the fire, among other things, and for false swearing in the Proof of Loss and examination under oath relating thereto[;] (2) The fire is of an incendiary origin for which you or someone on your behalf is responsible[;] (3) The Proof of Loss which you have filed is fraudulent in that you falsely stated the cause and origin of the fire, although you have knowledge of the true cause and origin of the fire[;] (4) The amount of your claim grossly exceeds any loss you may have actually sustained[;] (5) Finally, Allstate Insurance Company is exercising its right to cancel your policy."

On May 4, 2007, Plaintiffs filed their Complaint alleging breach of the implied covenant of good faith and fair dealing, slander, breach of the insurance contract, outrage, bad faith, and negligence. The Court denied Plaintiff's initial motion for summary judgment on October 12, 2007. On December 10, 2007, the Court granted summary judgment in favor of Defendant as to each of Plaintiff's claims, except Plaintiff's claim for breach of the insurance contract, and denied Plaintiff's motion for summary judgment as to Allstate's defenses. The Court also concluded that in the event Plaintiffs prevailed on their breach of contract claim, they would be entitled to recover the amount of $171,278.00 on the home, but denied summary judgment as to the total amount of Plaintiffs' personal property loss.

The case proceeded to trial. Allstate relied upon the affirmative defenses of arson and misrepresentation. On January 18, 2008, the jury returned a verdict for Plaintiffs as to the arson issue and for Defendant as to the misrepresentation issue. On March 31, 2008, the Court denied Plaintiff's Renewal of their Motion for Judgment as a Matter of Law, or Motion for Directed Verdict, and Motion for Judgment Notwithstanding the Verdict, but granted Plaintiffs' Motion for a New Trial as to the misrepresentation issue.

On May 21, 2008, the Court granted Plaintiffs' summary judgment as to the alleged misrepresentations regarding (1) the amount and identity of the contents (personal property) in the home at the time of the fire; and (2) the cause of the fire. However, the Court stated that there remained genuine issues of material facts as to the following alleged misrepresentations: (1) the extent of the deficiency on the Brawners' mortgage; (2) the Brawners' knowledge of the foreclosure sale; (3) the sale of the home; and (4) the deferment from the mortgage company.

On July 16, 2008, the Court granted Plaintiffs summary judgment as to the value of the contents of their home claimed to be destroyed by the fire. The Court concluded that if Defendants lose on the misrepresentation defense, Plaintiffs will be entitled to the full amount of the personal property or contents per the declarations page of the policy, to wit, $128,459. In that order, the Court also questioned the impact of *Warren v. State Farm Fire & Casualty Co.*, Case No. 07-2010, 2008 WL 2680899 (8th Cir. July 10, 2008), on the disposition of this case. Specifically, the Court questioned whether the Eighth Circuit's holding in *Warren* regarding materiality should cause the Court to reevaluate whether a reasonable jury could find that any of the remaining alleged misrepresentations, even if made, would be material as a matter of law.

The Court noted that when asked how far behind the payments on the mortgage were, Mr. Brawner stated, "I believe a couple of months or so."[1] In fact, Plaintiffs were seven months behind and foreclosure was imminent. However, immediately after the initial alleged misrepresentation regarding the mortgage deficiency, it appears that an Allstate representative learned that non-judicial foreclosure proceedings were underway.[2]

## II.   Summary Judgment Standard

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.

---

[1]Docket No. 164, Trial Transcript, Holly Goodwin Testimony, p. 783.

[2]Docket No. 164, Trial Transcript, Holly Goodwin Testimony, p. 726 ("The only thing in particular about the recorded statement, I went from the loss location to the courthouse to do a search on the property. Mr. Brawner had stated he was two months behind on the mortgage, and when I got to the courthouse to verify the warranty deed and whose name it was in and the mortgage, there was a notice of foreclosure filed with the Court.").

1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### III. Motion for Summary Judgment

Plaintiffs move for summary judgment as to the remaining misrepresentation issues, asserting that the alleged misrepresentations are not material as a matter of law. Plaintiffs assert that the Eighth Circuit's recent opinion in *Warren*, 2008 WL 2680899,[3] requires the Court to grant summary judgment as to each of the remaining alleged misrepresentations.

> In *Warren*, the Eighth Circuit stated:
>
> The final two alleged material misrepresentations are insufficient as a matter of law due to State Farm's failure to offer any evidence of materiality. Under Arkansas law, "a fact or circumstance is material if it pertains to facts that are relevant to the company's rights to enable the company to decide upon its obligations and to protect itself against false claims." Willis, 219 F.3d at 718 (quotations omitted). Accordingly, "[a] misrepresentation may . . . be material even if it does 'not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time[.]'" Id. (quoting Wagnon v. State Farm Fire & Cas. Co., 146 F.3d 764, 768 (10th Cir. 1998)); see Allstate Ins. Co. v. Voyles, 65 S.W.3d 457, 462 (Ark. Ct. App. 2002) ("Under Arkansas law, a fact or circumstance is material if it pertains to facts that are relevant to the insurer's rights to decide upon its obligations and to protect itself against false claims.") (citing Willis v. State Farm Fire & Cas. Co., 219 F.3d 715, 719 (8th Cir. 2000)).
>
> In Willis, which also involved a house fire and an insurer asserting the material representation defense, this court reversed the district court's grant of judgment as

---

[3] The Court notes that the Mandate in this case has not issued, and thus there is still the possibility of rehearing.

> a matter of law in favor of the insured. 219 F.3d at 717. There, Mr. Willis represented to the insurer that he did not believe his wife played any role in setting the fire. Id. However, a friend of Mr. Willis's testified that Mr. Willis had stated that he suspected that his wife started the fire because he observed her moving personal items out of the house shortly before the fire started. Id. at 717-18. The Willis Court found Mr. Willis's misrepresentation material because "[i]f such information had come to light at an earlier point in the investigation, the direction of the investigation and the resources allocated by [the insurer] to conduct it might very well have been different and more effective." Id. at 718.
>
> Warren stated to the claims representative that she had never had any prior fire losses. Warren corrected this at her sworn statement, when she informed State Farm that she had a car fire claim in 2002. There is no evidence that the prior car fire was an arson fire, and Warren disclosed the incident as well as the surrounding circumstances two months before State Farm denied her claim. Whatever relevance the prior car fire claim had, State Farm presented no evidence to show that its resources or the direction of its investigation would have been different had it been apprised of the prior fire loss in Warren's first statement. Accordingly, Warren's initial misrepresentation was not material within the meaning of Willis.
>
> Warren told the representative that she was unaware of the delinquent status of her mortgage indebtedness at the time of the fire. Assuming this was an intentional misrepresentation, Warren also disclosed, in the same statement, that she was, in fact, delinquent on her mortgage at the time of the fire. Thus, State Farm was informed by Warren of the delinquency over two months before it denied her claim. *In order to be material, a misrepresentation must, at least, somehow impact the insurer's investigation of the claim.* Id.; Voyles, 65 S.W.3d at 462. State Farm has produced no evidence that Warren's knowledge of the status of her mortgage, one way or the other, would have altered the course of its investigation or its treatment of her claim in any way. Without such evidence, no reasonable jury could find that Warren's statement that she lacked knowledge of the delinquency at the time of the fire was a *material* misrepresentation.

2008 WL 2680899 (emphasis added).

In its response, Defendant states that a review of the previous holdings and citations referenced in *Warren* fails to reveal language similar to the statement, "State Farm has produced no evidence that Warren's knowledge of the status of her mortgage, one way or the other, *would have altered the course of its investigation or its treatment of her claim in any way*." Allstate concludes that the intent of the Eighth Circuit in *Warren* was to "define further and add to the

5

definition of materiality." Allstate asserts that *Warren* broadens the holding of *Willis v. State Farm*, 219 F.3d 715 (8th Cir. 2000), by adding an alternate definition of materiality. Defendant asserts that *Warren* sets forth an alternate materiality determination that inquires whether the misstatement would have "altered the course of investigation or treatment of the claim in any way." However, the Eighth Circuit explicitly stated that "[i]n order to be material, a misrepresentation *must, at least*, somehow impact the insurer's investigation of the claim." *Warren*, 2008 WL 2680899 (emphasis added). This language sets forth not an alternate materiality determination, but an absolute requirement for materiality. The misrepresentation must impact the insurer's investigation of the claim.

Allstate also asserts that the *Warren* opinion does not stand for the proposition that the subsequent discovery of truth alters the materiality of a plaintiff's misstatement. Allstate contends that this case is distinguishable from *Warren* because there the misstatements made by the insured were cured through her own admissions, and once the insured corrected her misstatements, the focus and scope of the investigation narrowed. Additionally, the corrected statements of the insured in *Warren* matched the evidence the insurance company eventually obtained. In this case, Defendant asserts that the Brawners never cured their misstatements and the misstatements did not match the evidence Allstate eventually obtained. Rather, Allstate was forced to investigate the veracity of the Brawners' statements and the veracity of the evidence Allstate obtained. Therefore, Allstate concludes that the focus and scope of the investigation broadened, as Allstate's investigation of the discrepancies altered both the course of its investigation and its treatment of the Brawners' claim.

The Court agrees that the subsequent discovery of truth does not alter the materiality of a plaintiff's misstatement. *Willis*, 219 F.3d at 718-19 ( "A misrepresentation may thus be material

even if it does 'not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time.' . . . The materiality of a statement is to be evaluated at the time that the statement was made, not in light of the facts as they are later revealed to be."). The Court also agrees that this case is distinguishable from *Warren*, but notes that it is difficult to reconcile the Eighth Circuit's statements in *Willis* and *Warren*. *See, e.g.*, *Willis*, 219 F.3d at 718-19 ("[R]eliance is not an element of an insurer's defense of fraud or false swearing."); *but see Warren*, 2008 WL 2680899 ("In order to be material, a misrepresentation must, at least, somehow impact the insurer's investigation of the claim."). Additionally, the Court notes Allstate's assertion that due to the misstatements, it was forced to investigate the veracity of the Brawners' statements and the veracity of the evidence Allstate obtained, causing the focus and scope of the investigation to broaden. Although the Court recognizes that this is a close question, the Court finds that if a jury concludes that the Brawners intentionally made the alleged misrepresentations, a reasonable jury could find that such misrepresentations were material.

As to the jury instructions, the Court is inclined to include the additional requirement of *Warren* in the instruction – "In order to be material, a misrepresentation must, at least, somehow impact the insurer's investigation of the claim."

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 176) be, and it is hereby, DENIED.

IT IS SO ORDERED this 28th day of July, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE