**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JON BRAWNER and**
**RENEA BRAWNER**                                                                                    **PLAINTIFFS**

**v.**                                       **CASE NO. 4:07-CV-00482 GTE**

**ALLSTATE INDEMNITY COMPANY**                                        **DEFENDANT**

**ORDER**

Presently before the Court are Plaintiffs' Motion in Limine (Docket No. 179),

Defendant's Motion for Reconsideration (Docket No. 186), Defendant's Motion to Amend

Motion for Reconsideration (Docket No. 189), and Defendant's Supplement to Motion for

Reconsideration (Docket No. 204).

**I.      MOTION IN LIMINE (Docket No. 179)**

Plaintiffs seek to exclude hearsay testimony from a Regions employee concerning what

the employee learned from the Veterans Administration ("VA").  Plaintiffs assert that the Court

excluded such hearsay.

In response, Defendant sets forth the testimony of Keith Smith, the Regions

representative.  Defendant argues that Plaintiffs' recitation of the testimony and Court's rulings

is not accurate.

The Court notes that during the first trial, it sustained the hearsay objection with regard to

information Mr. Smith obtained by speaking with other Regions employees that was not

reflected in the business records from Regions.  After reviewing the testimony of Mr. Smith, it is

clear that the only discussion regarding the VA was that the loan was a VA insured.  Therefore,

it is unclear what testimony Plaintiffs are attempting to exclude.  Plaintiffs' motion is denied as to this issue.

Plaintiffs also seek to exclude any reference to diamond rings as part of the debris, the failure of the Plaintiffs to dig in the debris, and all questions concerning personal property. Plaintiffs state that the Court's grant of summary judgment as to the contents of the home makes any such testimony irrelevant.  In response, Defendant acknowledges that the Court's Order dated July 30, 2008, states that such testimony may no longer be relevant.  Because the Court has granted summary judgment as to the contents of the home, the testimony at issue is no longer relevant.  Plaintiffs' motion is granted as to this issue.

## II.     MOTION FOR RECONSIDERATION (Docket No. 186)

As a preliminary matter, the Court grants Defendant's Motion to Amend, so that the Court may fully consider the issue.  In its motion, Defendant requests that the Court allow the original jury verdict to stand, or in the alternative, to allow a retrial on both jury verdicts and to allow the defense of misrepresentation as to the cause of the fire.  Defendant relies upon Federal Rule of Civil Procedure 60(b), which allows the Court to relieve a party of an order due to, *inter alia*, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(3) and (6).  In its supplement, Defendant submits Plaintiff Jon Brawner's Responses to Requests for Admission, in which Mr. Brawner admits to making a telephone call to the office of J. Benton Dyke, the attorney who handled the statutory foreclosure on the Brawners' home, on May 19, 2006.

Defendant cites *White v. Pence*, 961 F.2d 776 (8th Cir. 1992), and *Fireman's Fund Insurance Co. v. AALCO*, 466 F.2d 179 (8th Cir. 1972), in support of its argument that there was no manifest injustice in the jury's verdict because the jury based its verdict on simple legal issues with substantial circumstantial and direct evidence.  The Court notes that it cited to *Pence* in its Order granting a new trial.

In response, Plaintiffs contend that Defendant has not met the standard under Rule 60(b)(3), and thus, is not entitled to relief.  Plaintiffs assert that Defendant has failed to set forth any factual allegations regarding fraud, misrepresentation, or misconduct by Plaintiffs.  Plaintiffs also assert that a post-judgment change in the law does not qualify for relief under the Rule 60 (b)(6) catchall, and even if it did, there has been no change in the law applicable to this case.

In granting Plaintiffs a new trial as to the misrepresentation issue, the Court carefully considered the applicable standard and the evidence presented at trial.  The Court notes that the evidence now submitted by Defendant Allstate was not presented at the first trial in this case.  The Court declines to reconsider its grant of a new trial.  Additionally, the Court declines to allow retrial on both jury verdicts.  It also declines to allow the defense of misrepresentations as to the cause of the fire.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine (Docket No. 179) be, and it is hereby, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED THAT Defendant's Motion to Amend Motion for Reconsideration (Docket No. 189) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration (Docket No. 186) be, and it is hereby, DENIED.

IT IS SO ORDERED this 18th day of August, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE