**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JON BRAWNER and**
**RENEA BRAWNER**

                       **PLAINTIFFS**

**v.**         **CASE NO. 4:07-CV-00482 GTE**

**ALLSTATE INDEMNITY COMPANY**        **DEFENDANT**

**<u>ORDER</u>**

Presently before the Court are the remaining issues from Plaintiffs' Motion in Limine (Docket No. 193), Plaintiffs' Motion in Limine (Docket No. 194), the remaining issues from Plaintiffs' Motion in Limine (Docket No. 195), the remaining issues from Defendant's Motion in Limine (Docket No. 198), Plaintiffs' Motion to Amend Motion in Limine (Docket No. 207), Plaintiffs' Motion in Limine (Docket No. 209), and Plaintiffs' Motion in Limine (Docket No. 210). The Court addressed these issues at the pre-trial conference held on August 19, 2008.

**I.**   **PLAINTIFFS' MOTION IN LIMINE (Docket No. 193)**

   **A.**   **Defendant's Exhibits 8(a), (c), and (d)**

Plaintiffs request that the Court exclude Defendant's Exhibit 8(a), Regions bank records, as irrelevant. Plaintiffs also request that the Court exclude Defendant's Exhibit 8(c), a FHA/VA Disclosure, because it is not maintained in the regular course of business, is not relevant, and is hearsay. Additionally, Plaintiffs request that the Court exclude Defendant's Exhibit 8(d), listed as "Any other records provided by Regions Bank pursuant to Subpoena Duces Tecum served for trial," because the records have not been provided to Plaintiffs.

1

In response, Defendant asserts that Exhibit 8(a) is conditionally relevant based on the testimony at trial.  However, Defendant states that prior to attempting to introduce these documents, counsel will identify the document to Plaintiffs' counsel to allow him the opportunity to object based on the testimony at trial.  Defendant also asserts that the FHA/VA Disclosure, Exhibit 8(c), is maintained by Regions in the regular course of business and is a documents signed by Renea Brawner and acknowledges the no notice sale provision of the mortgage.  With regard to the Regions records that may be brought pursuant to the Subpoena Duces Tecum for trial, Exhibit 8(d), Defendant states that these are the records of the Plaintiffs' own mortgage.

The parties state that this issue may now be moot.  Therefore, Plaintiffs' request is denied without prejudice.

B.      **Defendant's Exhibits 14 and 15**

Plaintiffs seek to exclude Defendant's Exhibit 14, First Security Bank records from 9/15/04 to 9/15/06, as irrelevant.  Further, Plaintiffs assert that Defendant should only be able to introduce specific records, rather than the records for two years.  Defendant responds that the First Security Bank records are the Plaintiffs' own records, and that Defendant does not intend to use all of the records, but that records beyond those that it intends to introduce may become relevant, depending upon the testimony.  Plaintiffs' request is denied.

Plaintiffs withdraw their request to exclude Defendant's Exhibit 15, the business records affidavit from Edward Jones with documents attached.  At the pre-trial conference, Defendant stated that it withdraws the exhibit.  Plaintiffs' motion is denied as moot.

**II.      PLAINTIFFS' MOTION IN LIMINE (Docket No. 194)**

As a preliminary matter, the Court finds that Plaintiffs' Motion to Amend Motion in Limine (Docket No. 207) should be granted to allow the Court to fully consider the issue.  In their motion, Plaintiffs request that the Court exclude any reference to any statement of Renea Brawner given to Allstate because the statement produced is not complete.  Plaintiffs attach the affidavit of Renea Brawner, and subsequently filed a supplemental affidavit by Renea Brawner.  Mrs. Brawner states that Plaintiffs were never provided the full and complete recorded statement that she gave to Allstate, either Tape 1, Side 2, or Tape 2.  She notes that the transcription of her statement ends with a question, followed by the statement, "Side one of tape ends abruptly, no continuation on side two."  She also asserts that several portions of her statement marked as "unintelligible," are in fact intelligible.  Mrs. Brawner also asserts that Allstate is withholding Tape 1, Side 2, of Jon Brawner's recorded statement.

In response, Allstate asserts that a copy of the original tapes have been provided to Plaintiffs on two separate occasions.  Additionally, at Plaintiffs' request, a copy of the tape was made on a CD audio recording and provided to the Plaintiffs.  Pursuant to Court Order, a transcript of the tape recording was provided to the Plaintiffs, and in preparation for re-trial of this case, at Plaintiffs' request, the tape was sent out a second time to be transcribed so Plaintiffs could have a clean copy of the transcript.  However, Defendant states that it will not attempt to introduce the transcript from the audio recording, but reserves the right to play portions of the audio recording for the jury's benefit, and to impeach the Plaintiffs' testimony, if necessary.

Plaintiffs' request is denied.  The statements of Renea Brawner are admissible.  However, Mrs. Brawner may testify that the statement is not complete.

## III.   PLAINTIFFS' MOTIONS IN LIMINE (Docket Nos. 195 and 209)

### A.   Tonia Moore, Keith Smith, and Veterans Administration Hearsay

The Court notes that Plaintiffs' Motion in Limine (Docket No. 209) is simply a continuation of the argument that Tonia Moore's testimony should be excluded.  Thus, the Court's ruling applies to both motions.

Plaintiffs request that the Court exclude the testimony of Tonia Moore, Regions Mortgage, on the basis that she has no relevant or competent information on the issues of misrepresentation.  Additionally, Plaintiffs assert that Ms. Moore is a late-disclosed witness because she was not included on the pre-trial information sheet.  Plaintiffs further assert that any and all records of Regions Mortgage that were not disclosed before the previous trial should be excluded.  Plaintiffs also object to the substance of Ms. Moore's testimony, stating that the records supporting the testimony have not been disclosed.  Plaintiffs also assert that the testimony of Keith Smith, Regions Mortgage, should be limited to what was previously disclosed and testified to at the first trial.

Plaintiffs further assert that Defendant should be precluded from attempting to have either Tonia Moore or Keith Smith testify regarding information the Veterans Administration ("VA") gave to Jon Brawner or Jon Brawner gave to the VA as hearsay.  The Court notes that Allstate's July 18, 2008, letter disclosing Ms. Moore as a witness states that Ms. Moore will testify regarding "Regions Mortgage Company's actions with respect to the mortgage on 10 Dakota

Drive and its contact with Jonathon and Renea Brawner," "to contact with the Veteran's Administration, with respect to the loan," and "Regions contact with attorney J. Benton Dyke with respect to the foreclosure."

In response, Defendant states that Kimberly Taylor was identified in Defendant's Initial Disclosures, but that she no longer works at Regions Bank. Ms. Moore, who works in the same department as Kimberly Taylor, was identified by Keith Smith because Mr. Smith requested that he not be called to testify due to his position of responsibility at Regions Bank. Defendant also states that the Regions Bank records have been identified since the outset of trial. Defendant further states that Ms. Moore will testify regarding the records maintained by Regions Mortgage and her direct knowledge with respect to the organization's conduct of servicing mortgages insured by the VA, which is admissible as an exception to hearsay pursuant to Federal Rule of Evidence 803(6). Defendant states that if the court allows Mr. Brawner to testify that he received a deferment from the VA, Ms. Moore's testimony will be submitted in rebuttal to Plaintiffs' testimony. Additionally, Defendant states that Plaintiffs previously alleged that Defendant's counsel disregarded the Court's order with regard to testimony concerning the VA loan, and such an allegation is untrue.

As discussed in the Order entered on August 18, 2008:

Plaintiffs seek to exclude hearsay testimony from a Regions employee concerning what the employee learned from the Veterans Administration ("VA"). Plaintiffs assert that the Court excluded such hearsay.

In response, Defendant sets forth the testimony of Keith Smith, the Regions representative. Defendant argues that Plaintiffs' recitation of the testimony and Court's rulings is not accurate.

The Court notes that during the first trial, it sustained the hearsay objection with regard to information Mr. Smith obtained by speaking with other Regions

employees that was not reflected in the business records from Regions.  After reviewing the testimony of Mr. Smith, it is clear that the only discussion regarding the VA was that the loan was a VA insured.  Therefore, it is unclear what testimony Plaintiffs' are attempting to exclude.  Plaintiffs' motion is denied as to this issue.

Ms. Moore may testify as to the contents of the Regions file as business records and the fact that certain documents, such as a communication from the VA to stop the foreclosure process due to a deferral, are not contained in the file.  Ms. Moore may also testify as to the practices of Regions, if she has knowledge regarding same.  However, she may not testify regarding the practices of the VA or to the contents of the records of the VA.  Although the parties are not certain whether Mr. Smith will testify, the Court declines to limit Mr. Smith's testimony as requested.

### B.    Richard M. West

Plaintiffs request that this Court either exclude or limit the testimony of Richard M. West, the arson investigator, stating that his testimony as to arson should not be introduced. At the pre-trial conference, Defendant stated that Mr. West would no longer be testifying.  Plaintiffs' motion is denied as moot.

## IV.    DEFENDANT'S MOTION IN LIMINE (Docket No. 198)

### A.    Deferment

Defendant seeks to exclude testimony by Jon or Renea Brawner that Jon Brawner requested a deferment on the mortgage from the U.S. Department of Veterans Affairs ("VA") and/or Regions Bank because it is irrelevant, unfairly prejudicial, and likely to mislead the jury

pursuant to Federal Rules of Evidence 401 and 403.  Defendant also asserts that said testimony is hearsay pursuant to Federal Rules of Evidence 801 and 802.

Defendant argues that even if a request was made, the making of a request alone does not make it any more or less probable that the Plaintiffs received a deferment.  Defendant also argues that allowing this testimony will require Defendant to discredit it by proving the non-existence of a document and/or oral communication to which it was not a party and will allow the jury to infer the existence of a deferment agreement when Plaintiffs cannot provide admissible evidence of said agreement.  Defendant further argues that any grant of a deferment made by the VA or Regions is an out-of-court statement, and thus is inadmissible hearsay.  Plaintiffs request that the Court deny the requested relief.

The Court will allow Mr. Brawner to testify as to his communications with the VA.  Such communications go to Mr. Brawner's state of mind and intent.  Of course, Defendant may cross-examine Mr. Brawner regarding Mr. Brawner's lack of records supporting his statements.

**B.** **Extensions for Filing Taxes**

Defendant seeks to exclude testimony that Jon or Renea Brawner filed for an extension to file their taxes in 2004, 2005, and 2006.  Defendant asserts that the actual forms documenting the requests, and not Mr. Brawner's testimony, are the best evidence that the extension request was made, and thus, the testimony is inadmissible pursuant to Federal Rules of Evidence 1002 and 1004.  Defendant asserts that although Plaintiffs claim the original form was destroyed in the fire, they have presented no proof that the form filed with the IRS and in its possession is lost,

destroyed, or unobtainable.  Defendant also asserts that testimony that the request was made,

without admissible evidence that said request was granted, is irrelevant.

Alternatively, Defendant asserts that such testimony is inadmissible hearsay pursuant to

Federal Rules of Evidence 801 and 802, and is unfairly prejudicial and likely to mislead the jury

pursuant to Federal Rule of Evidence 403.  Defendant argues that any grant of an extension to

file taxes made by the IRS is an out-of-court statement and thus cannot be entered into evidence

by Mr. Brawner to prove said grant actually occurred.  Defendant also argues that requiring it to

discredit the testimony by proving the non-existence of a document produced in a transaction to

which it was not a party is unfairly prejudicial and will mislead the jury by allowing them to infer

the existence of an extension agreement when Plaintiffs have no admissible evidence of said

agreement.

In response, Plaintiffs assert that if the Court allows evidence regarding the tax returns, or

the failure to have tax returns for 2004-2006, Plaintiffs should be permitted to testify regarding

an extension request.

After the pre-trial conference, Defendant produced its "Request or Copy of Tax Return,"

Form 4506, which states:

> Tax return requested (Form 1040, 1120, 941, etc.) and all attachments as
> originally submitted to the IRS, including Form(s) W-2, schedules, or amended
> returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7
> years from filing before they are destroyed by law.  Other returns may be available
> for a longer period of time.  Enter only one return number.  If you need more than
> one type of return, you must complete another Form 4506. _____

Defendant typed "ALL" in the blank.  The IRS letter in response to Allstate's request states, "We have no record of a filed tax return for: 2004 2005 2006."  The supporting documents reflect that the search was for Form 1040.

The Court declines to exclude Mr. Brawner's testimony that he requested an extension to file his taxes. Defendant may cross-examine Plaintiffs regarding their lack of documentation to support their assertion.  Additionally, Defendant may cross-examine Plaintiffs regarding the length of the extensions and whether Plaintiffs have ever filed income tax returns for the years 2004, 2005, and 2006.

### C.        Suggestion of Other Individuals Burning Their House & Causes of the Fire

Defendant requests that the Court preclude Plaintiffs from suggesting other individuals who may have burned down their home and alternative causes of the fire, i.e. a coffeemaker or computer.  Defendant further requests that the Court exclude testimony regarding Plaintiffs' receipt of a threatening phone call with respect to the sale of the home to an African American. Defendant asserts that such evidence is inadmissible because it is irrelevant, unfairly prejudicial, and likely to mislead the jury.

As the Court has previously ruled that Allstate may not attempt to suggest or prove that Plaintiffs were responsible for the fire, the evidence Defendant seeks to exclude is irrelevant. Defendant's request is granted.

### D.        Court's Ruling and Jury Finding Regarding Arson

Defendant states that the Court has excluded the arson defense and ruled Defendant may not attempt to suggest or prove that Plaintiffs burned down their home.  Defendant requests that

the Court instruct Plaintiffs that they should not mention or allude to the Court's ruling or the previous jury finding in the first trial of this case.  Defendant states that it moves for a mistrial if any mention or suggestion of the Court's ruling or previous jury finding is made by Plaintiffs' counsel or either Plaintiff.  Defendant asserts that such evidence is irrelevant, is unfairly prejudicial, and is likely to mislead the jury.

In response, Plaintiffs state that the Court will have to determine how to handle the subject of arson.  Plaintiffs argue that it is unfair to allow Allstate to state that they had no direct evidence that Plaintiffs were involved in the arson, but suggest that Allstate had indirect or circumstantial evidence of Plaintiffs' involvement in the arson.

The Court will address this issue at trial in the statement of the case.

## V.     PLAINTIFFS' MOTION IN LIMINE (Docket No. 210)

Plaintiffs seek to exclude the testimony of Richard Read of Allstate Insurance Company. Plaintiffs assert that Mr. Read has no personal knowledge as to the contents of the file and did not participate in the investigation and determination.

The Court declines to preclude Mr. Read from testifying.  Mr. Read may testify as to the contents of Allstate's file as business records.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine (Docket No. 193) be, and it is hereby, DENIED in part as stated above.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion to Amend Motion in Limine (Docket No. 207) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion in Limine (Docket No. 194) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that, Plaintiffs' Motion in Limine (Docket No. 195) be, and it is hereby, GRANTED in part, and DENIED in part, as stated above.

IT IS FURTHER ORDERED that, Defendant's Motion in Limine (Docket No. 198) be, and it is hereby, GRANTED in part, and DENIED in part, as stated above.

IT IS FURTHER ORDERED that, Defendant's Motion in Limine (Docket No. 209) be, and it is hereby, GRANTED in part, and DENIED in part, as stated above.

IT IS FURTHER ORDERED that, Defendant's Motion in Limine (Docket No. 210) be, and it is hereby, DENIED.

IT IS SO ORDERED this 19th day of August, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE