UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JON BRAWNER and
RENEA BRAWNER                                                                       PLAINTIFFS

v.                                    CASE NO. 4:07-CV-00482 GTE

ALLSTATE INDEMNITY COMPANY                                                          DEFENDANT

### ORDER

Before the Court is Plaintiffs' "Renewal of Motion for Judgment as a Matter of Law, or Stated Alternatively, Motion for Directed Verdict; Motion for New Trial; Motion for Judgment Notwithstanding the Verdict."  Defendant Allstate Indemnity Company ("Allstate") has responded to the motion.  Plaintiffs have also filed a reply brief in further support of their motion.  For the reasons stated below, Plaintiffs' motion is denied.

**I.      Background**

The background of this case has been recited frequently during the course of ruling on Plaintiffs' six motions for summary judgment, Defendant's two motions for summary judgment, and Plaintiffs' first post-trial motion.  It will not be repeated again.

The second jury trial of this case before this Court began on August 20, 2008, and concluded on August 22, 2008, with a jury verdict in favor of Allstate.  More specifically, the jury found for Allstate on its defense to payment under the insurance policy that "Jon and/or Renea Brawner in pursuing their insurance claims knowingly and intentionally concealed from

Defendant or misrepresented to Defendant material facts or circumstances prior to the Defendant's denial of Plaintiffs' claims, all with intent to defraud Defendant."[1]

## II.   DISCUSSION

Plaintiffs renew their motion for judgment as a matter of law or motion for directed verdict pursuant to Fed. R. Civ. P. 50(b). "A judgment as a matter of law is appropriate if 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc.*, 439 F.3d 894, 899 (8th Cir. 2006) (citing Fed. R. Civ. P. 50(a)(1)). "[W]here conflicting inferences reasonably can be drawn from evidence, it is the function of the jury to determine what inference shall be drawn." *Id*. at 900. All reasonable inferences and facts are viewed in the light most favorable to the nonmoving party, without making credibility assessments or weighing the evidence. *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods*, 477 F.3d 583, 591 (8th Cir. 2007).

The Court concludes that the evidence at trial was sufficient to support the jury's verdict in Allstate's favor. Accordingly, the Court must deny Plaintiffs' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. Rule 50.

Independently of their Rule 50 motion, Plaintiffs request a new trial pursuant to Fed. R. Civ. P. 59. "A new trial is appropriate when the verdict was against the clear weight of the evidence, was clearly excessive, or was the result of passion or prejudice." *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 735 (8th Cir. 2007). Additionally, a motion for new trial is appropriately

---

[1] Jury Instruction No. 7, Docket No. 220 at p. 9.

granted if allowing the verdict to stand would result in a miscarriage of justice. *Rustenhaven v. American Airlines, Inc*., 320 F.3d 802, 806 (8th Cir. 2003). "On a motion for new trial, the district court is entitled to interpret the evidence and judge the credibility of witnesses, but it may not usurp the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable." *Id.*

After reflecting on the testimony and evidence presented at trial, the Court concludes that the jury's verdict must stand.

## CONCLUSION

After careful consideration,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Judgement as a Matter of Law (Docket No. 238) be, and it is hereby, DENIED.

IT IS SO ORDERED this 3rd day of October, 2008.

                                              _/s/Garnett Thomas Eisele_____
                                              UNITED STATES DISTRICT JUDGE